# WINDSOR COUNTY,

[Continued from *ante*, page 72.]

## JAMES C. BLOOD *v.* HOEL SAYRE.

Personal property, not in the possession of a tenant, is to be taxed in the town, in which the owner resides. The fifteenth section of the statute relating to the general list,—Rev. St. 544,—does not furnish a different rule, as to the property therein specified, where the owner resides in this state.

And it makes no difference, that the person assessed consented that the property should be set to him in the list of a town where he does not reside, and that he gave to the listers, in such town, a list, specifying the particular property thereon.

In this case, the plaintiff, who was an inhabitant of the town of N., was the owner of a stallion, which he was intending to keep, during the summer of 1840, in the towns of N. and T., and, prior to the first day of April, 1840, he took the horse to T., and kept him there until sometime after that day, with the intention of having the horse set to him in the list of that town ; and in the month of April he gave in his list to the listers of T., specifying the horse, and the same was incorporated by them in the grand list of the town. Subsequently the horse was set to the list of the plaintiff in the town of N., where he resided, and he was compelled to pay taxes on him there ; of which fact he apprised the defendant, who was constable of T., when he called upon the plaintiff for the taxes assessed against him on the list which he had given to the listers in T. And it was held that the proceedings of the listers in T. were illegal, and that the assessment of the tax against the plaintiff was void, and that the plaintiff might maintain an action of trover against the defendant for property distrained by him to satisfy said tax.

If persons, having a *limited* judicial authority, do any act beyond the scope of their authority, they make themselves trespassers.

TROVER for a harness. Plea, the general issue, with notice of justification under a collector's warrant. The case was submitted to the court upon a statement of facts, agreed to by the parties, which was, in substance, as follows.

Blood v. Sayre.

On the first day of April, 1840, the plaintiff resided in Norwich, and was the owner of a stallion, which he had kept in Norwich and Thetford the year previous, and which he intended to keep in those towns during the ensuing season.   A few days prior to the first day of April, 1840, he took the horse to Thetford, and hired him kept there, for the purpose of having the horse put into the grand list of Thetford by the listers of that town.   In the fore part of April he took the horse away.   In the month of April he gave to the listers of Thetford his list, specifying said horse, dated at Thetford, and the list was regularly made out by the listers of said town, and by them duly returned to the town clerk, assessing the plaintiff for the horse.   Subsequently, in the same year, the listers of Norwich two-folded the plaintiff, according to the statute, for said horse.   The plaintiff never resided in Thetford.   Taxes were legally assessed in Thetford upon the list of 1840, and the tax bills, with legal warrants attached thereto, were delivered to the defendant, who was constable of said town.   In the summer of 1841 the defendant called upon the plaintiff for the taxes, and the plaintiff then informed him that he, plaintiff, had been two-folded by the listers of Norwich for the horse, and that he wished him to request the selectmen of Thetford to abate said taxes.   The defendant, on the 26th day of February, 1842, distrained the harness, sued for in this action, and afterwards legally sold the same, to satisfy said taxes.   On the day that the property was distrained the plaintiff exhibited to the defendant a certificate, signed by the listers of Norwich, that the said horse was set in the list of the plaintiff in Norwich, in 1840, and also a receipt, signed by the collector of Norwich, showing that the plaintiff had paid the taxes on the horse in Norwich.   At the annual March meeting in Thetford, in 1842, the plaintiff applied to one of the selectmen of Thetford to have the said taxes abated, and exhibited to him the same certificate and receipt, and was told by him that he might apply to the other selectmen,—who were then present ; but the plaintiff did not apply to either of them, nor did he ever make any application to the listers, or the selectmen, of Thetford, to alter his list on account of any mistake in giving in said horse in the list in Thetford.

The parties agreed, that, if the court should be of opinion, upon the foregoing facts, that the plaintiff was entitled to recover, judg-

Blood v. Sayre.

ment should be entered up for the plaintiff for $20 damages, and his costs; but that otherwise judgment should be rendered for the defendant to recover his costs.

The county court rendered judgment in favor of the defendant; to which decision the plaintiff excepted.

*O. P. Chandler* for plaintiff.

1. A party, not inhabitant of a town, cannot be subject to taxation in such town; and it makes no difference that he gives in the list; *Preston* v. *Boston*, 12 Pick. 8; *Freeman* v. *Kenney*, 15 Pick. 44; *Lyman* v. *Fiske*, 17 Pick. 231.

2. If the party is not an inhabitant of the town, and not subject to taxation, then all proceedings, as against him, are illegal, and the assessors, and consequently the officer, are liable in trespass. They can have no jurisdiction, and the officer cannot justify under his warrant. *Agry* v. *Young et al.*, 11 Mass. 220; *Freeman* v. *Kenney*, 15 Pick. 44; *Lyman* v. *Fiske*, 17 Pick. 231.

3. The 15th section of the statute relating to the general list, which relates to animals of this description, cannot vary the rights of the parties. To give to it such a construction would contravene the provisions of the third section, which provides that property shall be set in the list, as on the first of April, and in the list of the owner.

*A. Howard, Jr.*, for defendant.

1. The defendant contends, that the decision of the court below was correct. The plaintiff gave in his list to the listers in Thetford, and the listers were required by law to make out a list against the plaintiff, and return the same to the town clerk. Rev. St. 544, §§ 15–17.

2. The plaintiff never made any application to the listers, or the selectmen of Thetford, to alter or correct his list. If a person puts property into the list by mistake, that he was not bound to have given in, his only remedy is to apply to the listers and selectmen to alter and correct his list, or to the board of civil authority for an abatement, pursuant to the statute. Rev. St. 92, § 49. Ib. 541, § 8. Ib. 542, § 12. *Osborn* v. *Danvers*, 6 Pick. 98. *Ingraham* v. *Doggett et al.*, 5 Pick. 451.

Blood *v.* Sayre.

3. The plaintiff, by giving in his list in Thetford, increased the grand list for state and school taxes. If the plaintiff recover in this action, the town will suffer from his wrongful act. Rev. St. 545, § 18. Ib. 546, § 19.

4. This action cannot be sustained against the collector. It should have been brought against the listers. The rate-bill and warrant is a justification to the defendant. Rev. St. 377, §§ 36, 37. *Kinsley* v. *Hall*, 9 N. H. Rep. 190. *Wilcox* v. *Sherwin*, 1 D. Ch. 72. *Henry* v. *Edson et al.*, 2 Vt. 499. *Cong. Society in Poultney* v. *Ashley et al.*, 10 Vt. 241. *Hunt* v. *Lee et al.*, Ib. 297. *Drew* v. *Davis et al.*, Ib. 506.

5. The action *ex delicto* cannot be maintained against a collector, unless the assessment is void, or he has made himself a trespasser *ab initio*. In this case, the plaintiff consented to be taxed, and he cannot now take advantage of his own wrong. *Pease* v. *Whitney et al.*, 8 Mass. 93. *Colman et al.* v. *Anderson*, 10 Ib. 105.

The opinion of the court was delivered by

BENNETT, J. This is an action of trover, and comes before the court upon a case agreed upon by the parties. For the facts of the case the court would refer to that agreement. By the statute, Rev. St. 539, § 3, personal property, not in the possession of a tenant, is to be taxed in the town in which the owner resides. The 15th section of the statute does not furnish a different rule, as to property of this description, where the owner resides in this state. Blood resided in Norwich, and had never resided in Thetford. He was not then within the jurisdiction of the listers of Thetford, and their whole proceedings as to him, were without authority and void *ab initio*. The case of *Preston* v. *Boston*, 12 Pick. 12, is in point.

This is not like the case of an *over-valuation* of one, who is liable to be taxed. Where a person is *subject* to taxation, and he, through mistake, has property set to him, of which he is not the owner, or is taxed for that for which he is not liable to be taxed, and also where there is an overvaluation, in all these cases he has a remedy under the statute; and if the listers shall refuse to give relief, he may appeal to the selectmen; and probably in such case, this might be held to be the only remedy. The case of *Osborn* v. *Danvers*, 6 Pick. 98, much relied upon by the defendant, is of this descrip-

tion. The general rule of law is, that, if persons, having a *limited* judicial authority, do any act beyond the scope of their authority, they make themselves trespassers ; though, if the act be done within the limit of their authority, they are excused, though it be done through an erroneous or mistaken judgment.

It is well settled, that trespass, and not case, is the proper remedy against the listers. It is not the undue assessment, which works the injury, but the subsequent proceedings, instituted to enforce the payment of the tax. Trover is a concurrent remedy with trespass. It is said, in argument, that, at all events, this action will not lie against the collector ; but the law is otherwise in this state. The opinion of the majority of the court in *Wilcox* v. *Sherwin*, 1 D. Ch. 72, has been frequently overruled, and that of chief Justice Chipman established. The statute, which provides that no collector shall be liable to any action, which may accrue in consequence of any *mistake, mischarge,* or *overcharge*, in the tax-bill committed to him for collection, does not apply to this case. This is a case, where the action accrues by reason of the illegality of the imposition of the tax ; and in such case the statute gives the collector a remedy over against the town. The case in the 9 N. H. Rep., to which we have been referred, was decided under a statute of that state widely different from ours.

It is urged in argument, that, as the plaintiff gave in his own list in the town of Thetford, he thereby consented to be there taxed, and that he ought not now to complain. A similar fact existed in the case of *Preston* v. *Boston*, 12 Pick. ; yet it was held, that the consent of the plaintiff to be taxed could make no difference in a case, in which there was no legal liability ; and that it would not afford any sufficient ground, upon which to levy a tax, the payment of which was to be enforced by compulsory process. It would doubtless be true, that, if the willingness had continued until the time of payment, so that it might have been considered that the payment was made voluntarily, the maxim *volenti non fit injuria* would well apply ; and no action, in such case should be sustained to recover back the money.

In the case of *Pease* v. *Whitney*, 8 Mass. 95, it was held, that, though the tax was improperly assessed upon the plaintiff, yet his request to the assessors, to have the lands in question assessed to

---

*Blood v. Sayre.*

---

him, was an answer for the assessors in an action of trespass against them. The soundness of this opinion may well be questioned. The *gravamen* of the injury, in that case, was not the illegal assessment; but the proceedings, had under the color of the process, to enforce the payment of the tax, worked the injury. To hold that a consent to be taxed carries with it the consent of the party to all *dernier* proceedings, which may be had to compel a payment of the assessment, is a deduction altogether gratuitous, and would, as it seems to me, in effect, establish such a payment to be what the law calls a *voluntary* payment. But in the present case the plaintiff had requested the collector to get the tax abated, informing him that he had been two-folded in Norwich, for not listing the horse in that town, and that he had there paid the tax; this, of course, would amount to a withdrawal of any consent to an enforcement of the payment of the tax to Thetford, though such inference should otherwise be attempted to be drawn.

It is said, that the plaintiff, by giving in his list in Thetford, increased the grand list for state and school taxes; and that, if he recovers in this action, the town must suffer by reason of his wrongful act. It is a sufficient answer to this argument, to say that it was the town's own folly, to accept a list, in a case in which they had no right to impose a tax, and incorporate it in their grand list. The town should not complain of that which results from the folly of its listers.

We think, on the whole, that the decision of the county court should be reversed, and that there should be a judgment, on the case agreed, for the plaintiff to recover twenty dollars damages, and his costs;—which is entered up accordingly.