DAN W. SHAW *v.* JOHN B. PECKETT AND JOSHUA GERRY.

*Assault and battery and false imprisonment.   Justification.   Taxes. Collector.   Pleading, &c.*

In an action for assault and battery and false imprisonment, where the defendants by plea attempted to justify, under a warrant of distress, for the collection of taxes, and it appeared by the plea, that the warrant was attempted to be executed more than three years after it was delivered to the collector, and no sufficient excuse was set forth for such delay in the execution, until after three years, *it was held* that the plea was fatally defective, unless the defect is supplied in the replication.

It was held, that where the defendant attempted to justify, under a warrant of distress, for the collection of taxes, all the facts, which are necessary to constitute a vote of the tax, a legal assessment, and for this purpose a legal list, and legal proceedings in the collection, must be expressly set forth in full detail to make a good plea.

The collector of taxes is not compelled to go against the real estate for the taxes assessed upon it.

TRESPASS for assault and battery and false imprisonment.

The defendants pleaded not guilty, as to the force and arms, or whatever is against the peace, and to the beating, bruising and ill-treatment, and to the residue justified under a warrant of distress for the collection of taxes.

The plaintiff filed his replication, to which the defendants demurred.   The County Court, January Term, 1853,—COLLAMER, J., presiding,—adjudged the replication insufficient, and rendered judgment for defendants.

Exceptions by plaintiff.

*R. McK. Ormsby* for plaintiff.

On demurrer, defendants' plea is insufficient.

1st. It does not allege, saving perhaps argumentatively, that plaintiff had any list in Bradford.

2d. The plea alleges that at the time, before and after the trespass complained of, the plaintiff had taxable property in said town, and it is not alleged that said property could not be found by said Gerry.

3d. It is alleged that the taxes, for which plaintiff was arrested in 1851, were assessed in 1846; it is not alleged that the plaintiff had been out of the state in the meantime, and had no property in the state which might have been distrained for said taxes; but the allegations rather show that he had property here.

The *replication* alleges, that the plaintiff had been a non-resident since the assessment of the tax, but that the estate taxed remained liable for said taxes three years. That the purchaser, Peckett, in fact paid the taxes at the time, but intrigued with the constable to get them out of plaintiff some five years afterwards. That taxes should be collected in three years, see Comp. Stat. chap. 81, sec. 16. That real estate is holden, see id. chap. 80 sec. 12.

In Jacobs' Law Dictionary, title *Distress*, it is said, "There are "distresses in actions compulsory to make a man appear in court; "and of these, there is distress *personal* of a man's moveable goods "and profits of land, &c., for contempt in not appearing after sum- "moned; and distress *real* upon immoveable goods. And none "shall be distrained for any thing touching their freeholds, but by "the king's writ." 52 Hen. 3, chap. 1.

Our statute authorizes the summary taking of real estate for taxes, which is but a process of distraining. The observations of the court in the case of *Sherwin* v. *Bugbee,* 16 Vt. 439, fully illustrate this.

*J. W. D. Parker* for defendants.

This replication is bad.

I. It admits that the taxes named in defendant's bar were legally assessed in 1846, on the plaintiff's estate liable to taxation; that the defendant, Peckett, took possession of the land by purchase early in the said year 1846, and had the benefit of it; whereupon the plaintiff insists he is discharged from liability. If so, this is well,

and the plaintiff might have stopped at this point. If not, then it proves the viciousness of the whole replication.

II. It admits that plaintiff owned the land, that it was subject to taxation in 1846, and that the taxes were properly assessed thereon against him; but insists, that because he went to Massachusetts and resided there more than three years, that discharged him from personal liability, but left the land liable therefor. This is, at least, a novel way of attempting to avail himself of the plea of the statute of limitations; and if it has the merit of being ingenious, it has also the disadvantage of being most fatally argumentative and indefinitely uncertain.

III. The plaintiff's replication is a departure in pleading from his declaration; that is, for an assault and battery and imprisonment; this is setting matter of contract between these defendants, to which the plaintiff is no party, in avoidance of the defendants' plea and discharge of his obligation to pay.

The new matter alleged in the replication does neither prove nor fortify the plaintiff's declaration; it alleges an executory agreement, and that still unexecuted, as the foundation for a trespass. Nonfeasance is no trespass; nor does the omission of Gerry to apply the money advanced by Peckett to discharge plaintiff's liability, make him a trespasser *ab initio.* 6 *Carpenter's* case, 1 Smith's Lead. Cas. 62. The issue tendered by the plaintiff, if any, in his replication, is an immaterial one, and therefore well met by the demurrer. *Marvin* v. *Wilkins,* 1 Aiken 107, 1 Chitty's Pleadings, 556, 557. *Chearley* v. *Bowes, et al.,* 10 East. 73.

This replication is double and repugnant. It alleges "that the "taxes were assessed upon the real estate of the plaintiff, then owned "by the plaintiff, to wit, in the year 1846—that early in 1846, "John B. Peckett, one of the defendants, took possession of said "land by purchase." It insists that plaintiff owned the land, and Peckett owned it at the same time. That plaintiff was liable, and was not liable for the tax, at the same time.

It proposes to avoid the defendants' bar by new matter. It should admit, either in words or effect, the facts alleged in the plea. A replication of this nature must confess and avoid the plea—this does neither. If the plaintiff really relied on new matter, as the substantial ground of his recovery, he should have new assigned. *Scott* v. *Dixon,* 2 Wilson, 3, 4. 1 Chitty's Plead. 540, 542, 556.

XXV.  28

The opinion of the court was delivered by

REDFIELD, Ch. J.    This is an action for assault and battery and false imprisonment.   The plea is an attempt to justify, under a warrant of distress, for the collection of taxes.   It appears by the evidence, that the warrant was attempted to be executed more then three years after it was delivered to the collector, and no sufficient excuse is attempted to be set forth in the plea, for such delay in the execution until after three years.   The plea is fatally defective for this reason, unless the defect is supplied in the replication. And we think it is not.   It does not appear by the replication, that the plaintiff removed out of the state in 1846, but it does not appear, except by computation, that this was within one year from the delivery of the tax bills and warrants to the collector.   And there is no pretence of any allegation, that the plaintiff had not, during his absence, personal property, which the officer knew of, and might have distrained, unless we are to infer this fact from the replication not alleging it.   And for the defendants to ask the aid of all the facts, which the plaintiff does allege in his replication, to help out the plea, and when those fail, then to crave the advantage of inferences against the pleader for facts which he omits to allege, is carrying the rule of compensation, by means of the adversary's plea, farther than we have ever known claimed.

The pleadings seem to be deficient in other respects, but this is all which it is necessary to decide here, and the pleadings may never present the same questions again.   But we can state briefly our impressions of some of the questions raised.

1. A special demurrer, in reaching back to any former pleading of the adversary, only has the effect of a general demurrer.   And it has only the effect of a general demurrer, as to the very plea demurred to, except in those particulars wherein it is special.   This is too familiar to require authority.

2. It is questionable whether the plaintiff's list is set forth with sufficient particularity.   All the facts which are necessary to constitute a legal vote of the tax, a legal assessment, and for this purpose a legal list, and legal proceedings in the collection, must be expressly set forth in full detail, to make a good plea.   The plea is exceedingly general in regard to most of these points.

The replication seems to be equally vague in many points.   But

the principal points, upon which the argument has proceeded, seem to us not to afford any excuse for not paying the tax.

1. We do not think Peckett making any arrangement with the collector such as is set forth, unless he paid the tax *eo nomine*, so as to discharge it, would affect the legality of the proceedings. 2. Nor does it appear to us, that the collector is compellable to go against the real estate for the taxes assessed upon that.

Judgment reversed, and judgment that the replication is sufficient, and the case remanded for trial on the general issue, unless the defendants choose to amend on the usual terms of paying costs, during the pendency of the demurrer, and take none for the same time.