## DANIEL SAUNDERS *vs.* JOSEPH CLARK.

The defendant promised the plaintiff's agents to pay for goods of the plaintiff which he had converted. A year afterwards, the plaintiff brought an action of contract against him for the price of the goods. *Held*, that the jury might consider the bringing of the action as bearing upon the question of the plaintiff's assent to the defendant's promise.

In an action to recover for the plaintiff's logs, which had become lodged in the defendant's boom and been sawn by him, evidence is admissible of a usage in the locality for the owner of a boom to pass down the river logs of others which have so lodged, although there was no other boom on the river at the time in question.

In an action on the defendant's promise to pay for the plaintiff's logs which he has con-
verted on their way down a river to the plaintiff's mill, evidence is admissible of their
market price at the mill, and of the cost of the transportation of such logs down the
river to the mill from the place of the conversion.

CONTRACT for the price of logs. Writ dated June 1, 1870.
At the trial in the superior court, before *Scudder*, J., it appeared
that in the spring of 1868 a number of logs belonging to the
plaintiff, which he was sending from New Hampshire down the
Pemigewassett and Merrimack rivers to his saw-mill at Lowell,
arrived at a boom, which the defendant had constructed partly
across the former river at Plymouth in New Hampshire, and some
of them became mingled with the defendant's logs lying at the
boom; that the plaintiff's servants and the defendant worked part
of a day in separating the plaintiff's logs and passing them down
the river, but many remained mingled with the defendant's logs;
and that the plaintiff's and the defendant's logs bore their respect-
ive marks.

The plaintiff offered evidence tending to show that the defend-
ant agreed to pass down the river the remaining logs of the plain-
tiff, but that instead of doing so he sawed them into lumber at
his mill near by; and that in the spring of 1869 the defendant
said in Lowell to John W. Norcross and Charles Saunders, who
were the plaintiff's agents and had the entire management and
control of the plaintiff's lumber business in Lowell, that he had
sawed some of the plaintiff's logs, had kept an account of them,
and would pay for them. No evidence was offered that this
promise was ever made known to the plaintiff personally, or that
he ever heard of it, or assented to or accepted it in person, except
by the bringing of this suit, or that the agents made any reply
thereto in words. Upon this promise the plaintiff relied for the
maintenance of this action in its present form, and the judge
ruled " that the promise, if so made to the agents and assented
to by them, acting within the scope of their authority, was the
same in law as if made to the plaintiff and assented to by him,
and that the bringing of this action was a fact which might be
considered by the jury upon the question of the plaintiff's assent
to the defendant's promise to pay."

The judge, against the objection of the defendant, allowed the plaintiff to offer testimony " that it was the custom of the business in that locality, when logs were so mingled, for the party owning the boom to separate and pass by the boom those logs not his." Afterwards it appeared that there was no other boom at that time on either the Pemigewassett or Merrimack rivers between Woodstock, the point where the plaintiff's logs entered the Pemigewassett, and his mill in Lowell; but the evidence went to the jury.

In connection with other testimony, for the purpose of ascertaining the value of the logs sawed at the defendant's mill, the judge, against the defendant's objection, allowed a witness to testify that it cost $9 per thousand feet to get the logs into the river at Woodstock, $1 per thousand to drive them to the defendant's boom, and $2 per thousand to drive them from the boom to Lowell, and that they were worth $14 per thousand in Lowell.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. Stevens,* for the defendant.

*T. Wentworth & C. A. F. Swan,* for the plaintiff.

AMES, J. It appears that the plaintiff's logs were caught in the boom, and accidentally mingled with those of the defendant, and that the attempt to separate them had been only partially successful. The plaintiff insists that his logs were marked so as to be distinguishable, and that the defendant undertook to pass them through the boom, but that instead of doing so he appropriated a portion of them to his own use. If the evidence had stopped here, it would have tended to make a case of wrongful conversion, rather than a contract; but the evidence went further, and tended to show that the defendant declared that he had kept an account of all the logs so appropriated, and that he offered to pay for them. This declaration and offer, if made to the plaintiff's agents, having the management and control of his business at Lowell, where the logs were to be manufactured into lumber on his account, would have the same effect as if made to himself. He had a right to accept it at any time before it was retracted, and his assent may be inferred from his acquiescence in the other

party's proceedings, from his omission to make any complaint, or to call him to account in any other form. It was a disclaimer of any intentional trespass on the defendant's part, and entitled the plaintiff to consider him as a purchaser. The bringing of this action might be considered by the jury as bearing upon the question of his assent to the defendant's proposition to be charged as a purchaser.

With regard to the alleged usage, the fact that there was only one boom on the river at that time, and that the defendant was the owner of that one, furnishes no objection to the competency of the evidence. There may have been an established and ancient usage, in that locality and in that department of business, of the kind which the plaintiff offered to prove, and the defendant may have habitually complied with it. If so, it was competent for the plaintiff to show it.

The evidence of what it cost to get the logs to Lowell, and what they were worth there, was admissible on the question of damages. *Exceptions overruled.*