————o————

E. W. HARPER, Respondent, *vs.* FRANCIS JACOBS and HARRIET JACOBS, Appellant.

1. The act of February, 1870 (Sess. Acts 1870, p. 200, § 15) authorizing the appointment by the Judge of Jasper Common Pleas Court of an attorney at law to act as judge *pro tem* in certain cases, is not unconstitutional as failing to provide an oath of office to be taken by the attorney before trying such cause. (See Const. Art. II, § 13.) Nor is it contrary to that provision of the constitution providing for the establishment of different courts and tribunals, (Const. Art. VI, § 1.) Under that instrument, the legislature would have no power to author; ize the substitution of an attorney to sit in a particular case in the Circuit Court but such restriction does not extend to an " inferior tribunal " like the Jasper Court of Common Pleas.

*Appeal from Jasper Common Pleas.*

**L. P. Cunningham,** for Appellant.

I. The application for a change of venue, if considered at all, must be either sustained or overruled, and if sustained, a change of venue should have been awarded to another court. (W. S., 1356, § 4.) It was not transferring the cause to another court or awarding a change of venue in any sense, to simply substitute another person for the Judge as was done.

II. The court had no authority to appoint any person to act as Judge, and sit as a court for the trial of the cause. A ministerial office may be deputed, but a judicial office cannot be. (Lewis vs. Lewis, 9 Mo., 187; 3 Kent Com., 615; Winchester vs. Ayers, 4 Greene, (Iowa) 104.) A Judge is to be elected by the people or appointed by the governor. (Const. of Mo., Art. V, § 25; Sess. Acts of 1870, p. 201, §§ 19, 21 and 27.)

III. It is urged that section 15 of the act establishing the court of Common Pleas—Laws of 1870, page 201 confers power to appoint a Judge *pro tem* who shall be authorized to hear and determine a cause. The appellants insist that this section is controlled by other sections of the same act, sections 5, 6, which made it imperative to award a change of venue to another court, and that section 15 taken by itself, is wholly unconstitutional and inoperative. (Const. of Mo., Art. V, §§ 8, 25; Winchester vs. Ayers, 4 Greene, (Iowa) 104.)

IV. The points made by the respondent are not sustained by the authorities which he relies upon. The decisions in Indiana cited, were made upon a different state of facts, and under a constitution entirely different from that of Missouri. (Const. of Ind., Art. VII, § 10.)

*N. Bray,* for Respondent, cited Winchester vs. Ayres, 4 Greene, (Iowa,) 104.

Ewing, Judge, delivered the opinion of the court.

This was an action instituted in the court of Common Pleas of Jasper County to foreclose a mortgage. Before answering the petition defendants made an application in the usual form

for a change of venue, on the ground that plaintiff had an un-
due influence over the mind of the Judge of said court, and
that said Judge was prejudiced against the defendants.

Pending this application, the Judge, by an order duly enter-
ed of record, appointed William H. Phelps, a duly licensed
Attorney at Law, Judge *pro tem*, to sit on the trial of said
cause.   To this action of the court defendants excepted.   The
cause was heard by said Phelps, defendants not appearing at
the trial and'judgment rendered for plaintiffs.

Motions for a new trial, and in arrest of the judgment were
filed, alleging as error the action of the court above stated ;
which being overruled defendants excepted, and bring the
cause to this court by appeal.

It is maintained, that the action of the legislature authoriz-
ing the appointment of a Judge, *pro tem*, is unconstitutional.

The act in question provides, that whenever in any cause
an application shall be made for a change of venue, for the rea-
son that the Judge is interested or prejudiced, or is related to,
or has been of counsel in the cause for either party, or that
either party has an undue influence over the mind of the
Judge ; it shall be lawful for the Judge to appoint by an order
of record, any duly licensed Attorney at Law of this State,
Judge *pro tem* for the trial of the particular case specified in
said order.   Said Judge so appointed, shall possess during
such trial and in relation thereto only, all the powers, perform
the duties, and be subject to the same restrictions as the Judge
of said court.   (Sess. Acts of 1870, p. 200, § 15.)

This provision occurs in an act approved February, 1870,
which is amendatory of an act to establish a court of Common
Pleas in Jasper County.

The provision of the constitution with which this act is sup-
posed to be in conflict, is that requiring every person elected
or appointed to any office before entering on its duties, to
take and subscribe the oath therein specified.   (Const. of Mo.,
Art. II, § 13.)

The argument of counsel assumes that the omission to pro-
vide for such an oath in the act, invalidates it ; that the Attor-
ney who is appointed under it to sit in a particular case, is an

officer in the sense of the clause in the constitution referred to, and that as the record is silent in regard to an oath, being taken or not, it is to be presumed that no such oath was in fact taken by the Attorney who tried the case. If the theory that the Attorney who tried the case, was a judicial officer, and as such, under like obligations with other judicial officers to take an oath, be correct, the absence of any provision in the act on the subject is wholly immaterial, and it would, have been superfluous if there had been any such requirement. For the constitutional requirement on the subject would, on that theory, apply to a temporary Judge, as well as to judicial officers regularly chosen. It is true, there is no express provision in the act requiring an oath in such cases, and whether an obligation to take it is implied by anything in the section above quoted, it is unnecessary for the reasons already stated to consider.

If an oath was a pre-requisite by reason of the judicial functions with which the Attorney for the time being, was invested, it was made such by the constitution and a general law requiring it of all officers. And we are not to *presume* that he failed to perform any duty while acting in that capacity, or which was pre-requisite to his assumption of it.

It he failed to take an oath before acting as Judge, the fact does not appear in the record, and no such point was made in the court below.

Whether such legislation is wise or unwise, or whether possible abuses might not *result* from it, are questions that address themselves to the law-makers not to the courts.

The only question is one of constitutional power to enact the law now considered. Under the constitution, all judicial power as to matters of law and equity is vested in a Supreme Court, in Circuit Courts, and in such inferior tribunals as the General Assembly may from time to time establish.

The limit to the exercise of the power here conferred is the discretion of the Legislature, and a necessary incident of the power to establish such inferior tribunals is the right to define their jurisdiction and powers, to prescribe the manner of chosing the Judges thereof, the tenure of the office and

qualifications. There is no restriction upon the power of the legislature in these respects. The constitution has made provisions in respect to the mode of choosing the Judges of the Supreme and Circuit Courts, namely, by election by the people, and in certain cases of vacancy, by appointment by the Governor. And it has also provided that in certain cases, the Judge of one circuit may hold the terms of court in another circuit. Under this provision, it may be conceded that the Legislature would have no power to authorize by law the substitution of an attorney to sit in a particular case in the Circuit Court, or perhaps even the Judge of one circuit to sit in a particular case in another circuit. (Gale, Admr. of Maupin vs. Michie, 47 Mo., 326.) But this provision applies exclusively to Circuit Courts, and has no application to such inferior courts as may be created by law. As to these the constitution is silent, except as to the power to establish them from time to time, leaving all else to be regulated by law.

A similiar question arose in the case of Brown vs. Buzan, (24 Ind., 194.) A law of that State (Indiana) authorized the Judge of the court of Common Pleas to appoint, in certain cases, a member of the bar as Judge, *pro tempore*. Under this act, the Judge being unable to attend at the term of the court in which the judgment was rendered, appointed an attorney to hold the court. The constitution of that State like that of Missouri, gave the Legislature power to establish inferior courts, and provided that Judges of the Supreme and Circuit Courts should be elected by the people for six years; but that provision might be made by law for holding the Circuit Court, when the Judge thereof should be temporarily unable to attend. It was maintained that the act in question, was in conflict with the clause of the constitution; but it was held otherwise, the Judge delivering the opinion, saying that the act was undoubtedly within the purview of Legislative authority. In the case of Winchester vs. Ayres, (4 Greene, (Iowa) 104) cited by appellant's counsel, an act which authorized the parties, by consent of court, to select any person to act as Judge for the trial of a particular case, was

held unconstitutional. This was a case in the District Court, however, and the decision was based evidently upon the ground, that the constitution prescribed the manner in which District Judges should be elected, and the absence of and power in the Legislature to make any provisions of the kind attempted in the act under consideration.

The Judgment of the Common Pleas Court is affirmed. The other Judges concur.