CHARLES R. ROSS, Respondent, *vs.* GEORGE W. MURPHY, Appellant.

1. *Courts—Common Pleas—Circuit—District—Appeal—Constitution.*—Section 13 of the Act organizing the Common Pleas Court of Caldwell county, (Sess. Acts, 1870, pp. 209–10), which gave the Circuit Court of that county appellate jurisdiction over the former court, was not in conflict with the then provision of the State Constitution, (Art. VI, § 12), creating District Courts, when that provision is taken in connection with section 1 of the same article, vesting in the General Assembly the power of establishing inferior tribunals. (Harper vs. Jacobs, 51 Mo., 296.)

*Appeal from Caldwell Circuit Court.*

*James McFerran,* for Appellant.

I. The Circuit Court of Caldwell county has appellate jurisdiction from the final judgments and decisions of its Common Pleas Court, by appeal or writ of error. (See § 13 of Act of 1870, pp. 209-10.) Wherefore the Circuit Court erred in dismissing said appeal for want of jurisdiction, and its judgment should be reversed and the cause remanded.

II. The Supreme Court has no jurisdiction of appeals or writs of error, taken directly from the Common Pleas Court of said county, to the Supreme Court.

*Hoskinson & McLaughlin,* for Respondent.

I. The Circuit Court has no superintending control nor appellate jurisdiction from the final judgments of the Common Pleas Court by appeal or writ of error. (See § 12, Art. VI, State Const., 1865.)

II. After the abolition of the District Court, all appeals and writs of error must be prosecuted directly to the Supreme Court from all courts of record, except Probate and County Courts.

SHERWOOD, Judge, delivered the opinion of the court.

In the Common Pleas Court of Caldwell county, the plaintiff had judgment from which the defendant appealed to the Circuit Court of that county, by which court the appeal was, on motion of plaintiff, dismissed on the ground that that court had no jurisdiction over appeals from the Common Pleas

Court. A motion of defendant to re-instate the cause after its dismissal was unsuccessful, and he has appealed here.

By the terms of the Act which organized the above referred to Common Pleas Court, it was given concurrent original jurisdiction with the Circuit Court, and a superintending control as well as appellate jurisdiction was conferred on the latter court over the Common Pleas Court its judgments and decisions. (Laws 1870, pp. 209–10, §§ 4, 13.)

The Act to which reference has been made went into effect October 1st, 1870, anterior to the adoption of the amendment which abrogated that clause of the constitution whereby District Courts were established. And it is now contended that the provisions of section thirteen, *supra*, requiring appeals to be taken from the Common Pleas Court to the Circuit Court, were void; as being in conflict with § 12, Art. 6, of the constitution, creating district courts and defining their jurisdiction.

But no such conflict is perceived, when the section in question is considered in connection with section one of the same article, which vests in the general assembly the power of establishing inferior tribunals. The power thus conferred, necessarily embraces and implies the authority of pointing out the mode by which causes are transferred to the appellate court, and as to whether appeals should be taken directly, or through intervening tribunals, to such courts. Nor is the appellate jurisdiction of the courts of ultimate resort at all curtailed or impinged upon, by reason of the fact that so far as concerns appeals from the inferior courts established by legislative enactment, the law-makers have seen fit to prescribe an indirect method.

The power of the legislature in regard to these courts of statutory origin is broadly asserted, and as I think conclusively shown in the case of Harper vs. Jacobs, 51 Mo., 296. If the foregoing views are correct, it follows, that the Circuit Court had jurisdiction of the cause, and therefore erred in dismissing the appeal.

Judgment reversed and cause remanded. Judge Vories dissents. The other judges concur.