————o————

FREDERICK SCHULENBURG, *et al.*, Plaintiffs in Error, *vs.* TOHS. D. EVANS, Adm'r, Defendant in Error.

1. *Cass county Common Pleas Court—Error will lie to from Circuit Court in probate cases—Constitution.*—Under the act organizing the Common Pleas Court of Cass county, (Sess. Acts 1867, p. 88, § 23) a writ of error will lie from the Circuit Court of Cass county to the former tribunal on matters pertaining to probate as well as other business. That section is not unconstitutional under § 12, Art. VI of the State Constitution. (See Ross vs. Murphy, 55 Mo., 372.)

### *Error to Cass Circuit Court.*

*Boggess & Sloan*, for Plaintiffs in Error, cited Charter of Cass Court of Common Pleas (Sess. Acts 1867, p. 88, § 23); State Const., Art. VI., §§ 1, 21; Ross v. Murphy, 55 Mo., 372.

*W. R. Chaplin* for Defendant in Error.

I. The writ of error is not a statutory but a common law writ, and will only lie where the proceeding in the court

below was according to the forms of the common law. (Bartling v. Jamison, 44 Mo., 141; State vs. Henly, 48 Mo., 531, and cases cited.) And it has universally been held that these writs do not lie from Probate Courts and courts proceeding in a summary manner.

II. The Common Pleas Court of Cass county had probate jurisdiction, but that jurisdiction must be exercised in the manner provided by the statutes for other probate Courts throughout the State. (Wagn. Stat., 119, §§ 2–11.)

III. If the legislature intended by the act creating the court to provide for a different mode of reviewing its judgments in probate matters from that prescribed by the general statutes, the act would be unconstitutional as being special legislation. The effect of such a law would be to establish an entirely different practice in probate business in Cass county from that prescribed for other counties in the State, and the legislature might upon the same principle prescribe a different mode of practice in all the different counties.

SHERWOOD, Judge, delivered the opinion of the court.

A claim was presented for allowance in the "Common Pleas Court," of Cass county, against the estate of Torry, deceased; but judgment going in favor of the administrator of said estate, a writ of error was sued out, whereby the cause was taken to the Cass Circuit Court, where, upon motion of defendant, after assignment of and joinder in error, the writ of error was dismissed on the ground that such writs did not lie "in matters pertaining to probate business;" and the correctness of this ruling is the only point for our consideration which the record presents.

And an examination of § 23 of the law organizing the Common Pleas Court, will speedily relieve the case of any fancied difficulty. That section provides, that: "The Circuit Court of Cass county shall have a superintending control over the said Court of Common Pleas, and appellate jurisdiction from its final judgments and decisions, by appeal or writ of error, which shall be allowed and presented in the

manner and with the effect prescribed by law in cases of appeal or writ of error from the Circuit to the District Court." This section, it will at once be perceived, is broad enough to embrace all cases, over which the Common Pleas Court has jurisdiction, whether involving probate or other matters.

The law makes no distinction and gives no preference to. one class of suitors over any other, but grants the same facilities for an appeal or writ of error, to the claimant against an estate, as it does to him who files his petition and brings his suit; and the law must therefore be our guide.

All courts of mere statutory origin are but creatures of the legislative will. This subject has heretofore very frequently received consideration at our hands, and the power of the legislature to deal with these courts in any manner not inconsistent with the organic law of the State, always maintained. (See Harper vs. Jacobs, 51 Mo., 296; Ross vs. Murphy, 55 Mo., 372; Smith vs. Guerant, *Id.*, 584.)

In consequence of these views, the judgment must be reversed and the cause remanded. Judge Vories absent; the other judges concur.