McCraw v. Hubble, Adm'r.

JOHN L. McCRAW, Appellant, *vs.* M. J. HUBBLE, as Administrator of L. C. CAMPBELL, Respondent.

1. *Probate and Common Pleas Court of Greene County—Circuit Court has only appellate power over—Grant of such power constitutional—Assignment of errors.* —Under ¿ 16, of the act establishing the Probate and Common Pleas Court of Greene County (Local Acts, 1855, p. 59), on appeal from that to the Circuit Court of the same county, the latter cannot try the cause *de novo*, but can only hear and determine it as a purely Appellate Court upon errors assigned. And the grant of such appellate power to the Circuit Court is not unconstitutional.

A majority of the court held that in the absence of any provision in the law organizing the Probate and Common Pleas Court, or rules of practice governing the Greene Circuit Court, requiring an assignment of errors, the Circuit Court should review the record without such assignment.

Sherwood, Judge—dissenting—regarded the assignment of errors as necessary, being an inseparable incident to the exercise of appellate jurisdiction.

*Appeal from Greene Circuit Court.*

*John P. Ellis,* for Appellant.

I. The act establishing the Probate and Common Pleas Court, recognizes two distinct jurisdictions in the court, governed by different modes of procedure, and having different terms; and section 16 refers to the Common Pleas department.

II. Moreover, under section 16, the Circuit Court is made to ".possess the same general powers over this," (the Probate,) "that it now does over the County Court." And certainly, in the latter case it can try *de novo.* (R. C. 1855, p. 175, § 7.)

III. It has been the practice for many years in Greene county, to try all probate appeals in the Circuit Court *de novo.*

*Massey, McAfee & Phelps,* for Respondent.

I. The Circuit Court had the same jurisdiction in this case that the Supreme Court would have had if the appeal had been taken to the Supreme Court "direct," and none other, (See Local Acts, 1855, p. 57, § 16) and therefore, could not, on appeal or writ of error, try causes *de novo.*

SHERWOOD, Judge, delivered the opinion of the court.

The only question this record presents is whether the Circuit Court of Greene county, on appeal from the Probate and Common Pleas Court of that county, should proceed to try the cause appealed *de novo*, or should hear and determine it solely as an appellate court upon errors assigned. Section 16 ·of the act establishing the Probate and Common Pleas Court of that county, (Loc. Acts, 1855, p. 59) provides that "the parties litigant in this court shall have the same right of appeal or writ of error from this to the Circuit Court or to the Supreme Court direct that parties litigant have from the Circuit to the Supreme Court." If, instead of appealing to the Circuit Court, the plaintiff had sued out his writ of error from that court there can be no doubt but that the only effect of that writ would have been to bring up to that court the record of the Probate and Common Pleas Court, and that upon the record thus presented errors would have to be assigned in the manner customary in appellate tribunals. And no reason is seen why the same results should not follow · the taking of an appeal, as the legislature have made no distinction between these two methods of transferring causes from that court to the Circuit Court. In other words, it certainly never could have been intended that parties could at their option obtain in the Circuit Court a trial *de novo* by taking an appeal or an examination into alleged errors by suing out a writ of error ; for by the law organizing the Probate and Common Pleas Court, parties litigant only possess "the same right" to transfer their causes by appeal or writ of error that they would possess were they attempting a like transfer from the Circuit to the Supreme Court, in which latter case there could be but one opinion as to the proper method of procedure to be adopted. Nor after the frequent decisions made upon the power of the legislature over these courts of statutory origin, can the existence of the power to thus regulate and authorize appeals from, and writs of error to, these courts to the Circuit, or Supreme Court, be doubted. (Harper vs. Jacobs, 51 Mo., 296 ; Ross vs. Murphy, 55 Mo., 372 ; Smith

vs. Guerant, Id., 584.) A question somewhat similar to the one before us, was recently presented in the case of Schulenburg vs. Evans, 59 Mo., 41, where the construction of a statute substantially the same as the present one, was involved, and the conclusion there reached was that parties appealing from the judgment of the Common Pleas Court of Cass county to the Circuit Court of that county did so, upon precisely the same terms, and under the same conditions, as if appealing directly from the Circuit to the Supreme Court. The Circuit Court dismissed the appeal because of the failure of the plaintiff to assign errors, and this action I regard as correct, holding as I do, that the assignment of errors, was a necessary and inseparable incident of the exercise of appellate jurisdiction. My associates concur in the view that the plaintiff was not entitled to a trial *de novo*; but hold also, that as it is not provided by the law organizing the Probate and Common Pleas Court, nor so far as appears, by any rule of practice in the Greene Circuit Court, that parties coming by appeal or writ of error, from the former to the latter court, should assign errors, therefore, this was unnecessary, and that the Circuit Court should, without any assignment of the sort, while refusing a trial anew, have examined the record, and if discovering any error therein, should have taken appropriate action in reference thereto.

The judgment must therefore be reversed and the cause remanded to the Greene Circuit Court.

Judge Vories absent; the other judges concur.