## CLINE v. BROOKS, ADMINISTRATOR, APPELLANT.

1. **Practice, change of, effect on pending suit:** APPEAL, DEFECTIVE WHEN TAKEN, VALIDATED BY SUBSEQUENT ENACTMENT. Where, by a statute in force at the time of the trial of a cause, certain steps were required to be taken in case of appeal; but between the taking of the appeal and the filing in the appellate court of the transcript in said cause, an act is passed dispensing with this requirement, the appeal is not invalidated by the fact that in taking and prosecuting it the appellant has failed to comply with the requirement.

2. **Appeal, when perfected.** An appeal is not perfected till the transcript is filed in the appellate court.

*Appeal from Cass Circuit Court.*—HON. F. T. WRIGHT, Judge.

*Hall & Givan* for appellant.

The transcript of the record and proceedings in the Common Pleas Court was not filed in the circuit clerk's office till the 26th day of March. That court did not in any manner become possessed of the case until that day. Wag. Stat. 120 § 8. Before that, the act of March 17th had become a law (Sess. Acts 1873 pp. 145 to 148); it

repealed the former act and authorized trial *de novo* in the Circuit Court.

*R. O. Boggess* and *C. W. Sloan* for respondent.

I. There being no motion for a new trial, or in arrest of judgment, filed in said Common Pleas Court; no exceptions saved or error assigned and apparent on the face of the record, it was the duty of the Circuit Court to have affirmed the judgment of said Common Pleas Court. *Davis v. Ware*, 57 Mo. 460; *Clarkson v. Staunchfield*, Ib. 573; *Brown v. Foote*, 55 Mo. 178; *State ex rel. v. County Court*, 51 Mo. 522; *State v. Batchelor*, 15 Mo. 208; *Christy's admr. v. Meyers*, 21 Mo. 112; *London v. King*, 22 Mo. 336; *Walsh v. Allen*, 50 Mo. 181; *Shaw v. Potter*, Id. 281; *Van Cleve v. Gilstrap*, Id. 412; *Moore v. Turner*, 19 Mo. 642; *Bonnott et al. v. Party et al.*, 59 Mo. 98; *Hoppe v. Stone*, 39 Mo. 378; *McCraw v. Hubble*, 61 Mo. 107; *U. S. v. Gamble*, 10 Mo. 459.

II. This cause was tried February 21st, 1873, and on the same day judgment was rendered, an affidavit for an appeal was filed and appeal granted. From that moment the Common Pleas Court ceased to have any control over the case, and, to all intents and purposes, it thereafter belonged to the Circuit Court. The amendatory act was approved March 17th. It must be held to be prospective in its operations only. *State ex rel. v. Thompson*, 41 Mo. 25.

SHERWOOD, C. J.—The plaintiff had a claim allowed against the estate of Cline, in the Cass Common Pleas, on the 21st day of February, 1873, and on the same day the administrator appealed to the Circuit Court, but the transcript was not filed in the latter court until the 26th of March next thereafter. On the 7th day of July, 1873, the Circuit Court, on the ground that no bill of exceptions, &c., had been filed in the lower court, and no assignment of errors, &c., in that court, dismissed the appeal. After vainly endeavoring to reinstate the cause, the defendant comes here by writ of error.

The court erred in dismissing the appeal; and the cases of *Schulenburg v. Evans, admr.* (59 Mo. 41), and *McCraw v.*

**1. PRACTICE, CHANGE OF, EFFECT ON PENDING SUIT: appeal, defective when taken, validated by subsequent enactment.** *Hubble, admr.* (61 Mo. 107), are without application here, for the reason: section 23 of the act approved March 4th, 1867, (laws 1867, p. 88) made no distinction between appeals taken, or writs of error sued out, whether relating to probate or other matters; and so it was ruled in *Schulenburg v. Evans, admr., supra;* but that section was greatly modified by the amendatory act which took effect March 17th, 1873, the 19th section of which provides that in "*probate cases,* * * * where the appeal shall be perfected, the

**2. APPEAL, WHEN PERFECTED.** Circuit Court shall proceed to try the case *de novo.*" And long before the appeal was perfected, the act of March 17th took effect, making it imperative on the Circuit Court to try the cause anew. And it makes no difference, in consequence of the amendatory act referred to, whether exceptions were saved in the Common Pleas Court or not.

Because of the error committed in dismissing the appeal, the judgment is reversed and the cause remanded. All concur.

REVERSED.