A. H. SCHLUETER, Public Administrator in charge of Estate of A. H. O'DONOGHUE, deceased, Appellant, v. LEON J. ALBERT, Executor of Estate of JOHN P. HITT, deceased, Respondent.

St. Louis Court of Appeals, February 4, 1890.

1.  Jurisdiction: APPEALS FROM COURT OF COMMON PLEAS OF CAPE GIRARDEAU COUNTY.   This court and the supreme court have jurisdiction over appeals from the court of common pleas of Cape Girardeau county in all cases, including those involving probate matters.   (Act of 1853, establishing last named court, *construed*.)

2.   Statute of Limitations : DEATH OF CLAIMANT. If a claim accrues
during the lifetime of the person holding it, the death of the
claimant does not stop the running of the statute of limitations;
but, if it accrues after the death of such claimant, the statute of
limitations does not begin to run until the grant of letters of
administration on his estate.

3.   ———: TIME OF ACCRUAL OF DEMAND. Evidence in cause consid-
ered, and *held* to establish a claim accruing during the lifetime
of a decedent for reasonable compensation for literary work per-
formed by him.

4.   Practice, Appellate : NON-PREJUDICIAL ERROR.    When the
determination of a cause depends altogether on a question of
the application of the statute of limitations, and that issue is prop-
erly submitted to the jury and found against the claimant, the
rejection by the trial court of evidence competent to establish the
existence of the claim in suit, but not in any manner affecting the
issue regarding the statute of limitation, is not prejudicial error.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. MAURICE CRAMER, Judge.

AFFIRMED.

*W. H. Miller* and *B. F. Davis*, for the appellant.

(1)   Mrs. O'Donoghue, widow of appellant's intes-
tate, is a competent witness for her husband's estate as
to the facts coming to her knowledge after her husband's
death. *Scroggin v. Holland,* 16 Mo. 419; *Stein v. Weid-
man's Adm'r,* 20 Mo. 17; *Sherwood's Adm'r v. Hill,*
25 Mo. 391. (2) As the manuscript was unfinished and
O'Donoghue was still at work on it when he died, May
10 or 11, 1883, the statute of limitations did not begin
to run against the demand in his lifetime; and, not
beginning to run before his death, it could not begin to
run until appellant's appointment as administrator of
his estate, October 23, 1888. *Polk's Adm'r v. Allen,* 19
Mo. 467; *Dillon's Adm'r v. Bates,* 39 Mo. 292, 301;
Angell Lim. [5 Ed.] secs. 54, 55, 56; *Murray v. East
India Co.,* 5 Barn. & Ald. 204; *Sturges v. Sherwood,* 15

Conn. 149; Wood on Lim. of Actions, pp. 11, 254, 399; *Cary v. Stephenson*, 2 Salk. 421; *Bucklin v. Ford*, 5 Barb. 393; *Grubb's Adm'r v. Clayton's Ex'r*, 2 Hayw. 378.

*Wilson & Whitelaw*, for the respondent.

The decisive question in this case is when did the plaintiff's cause of action accrue. We insist that it was in the lifetime of O'Donoghue. He was entitled to pay for the work he did in his lifetime, and it was in his lifetime his cause of action accrued. The cause of action accrues as soon as a party has a right to apply to the proper tribunal for redress. *Tapley v. McPike*, 50 Mo. 589. And O'Donoghue's cause of action, if any he had, having so accrued, the statute of limitations would commence running, and his death after the cause of action accrued would not prevent the running of the statutes. After the statute of limitations commences running nothing stops it. *Cunningham v. Snow*, 82 Mo. 587; *Rogers v. Brown*, 61 Mo. 187.

BIGGS, J., delivered the opinion of the court.

The plaintiff is the public administrator of Cape Girardeau county, and, as such, has in charge the administration of the estate of A. H. O'Donoghue, deceased. On the thirtieth day of October, 1888, the plaintiff presented to the Cape Girardeau court of common pleas a demand for allowance and classification against the estate of John P. Hitt, deceased, in which he claimed that his intestate had performed certain literary work for John P. Hitt of a certain value stated. The case was tried by a jury, and the defendant obtained a verdict and judgment, and the plaintiff has prosecuted this appeal.

It appears from the evidence that A. H. O'Donoghue died in Cape Girardeau county in May or June, 1883, and that letters of administration on his estate were not granted until the twenty-third day of October, 1888. It

was admitted that John P. Hitt died in Cape Girardeau county on the third day of September, 1888, and that Leon J. Albert qualified as his executor on the twenty-fourth day of September, 1888.

The plaintiff introduced evidence tending to prove that, for seven or eight months prior to the death of A. H. O'Donoghue, the latter was engaged in writing a book for John P. Hitt; that it was not completed at the time of the death of O'Donoghue, and that the manuscript was not delivered to Hitt until about April 5, 1884; that the reasonable value of the work performed was, according to the various estimates of the witnesses, from seven hundred to sixteen hundred dollars. It was also developed by the plaintiff's evidence that O'Donoghue was a man of learning, and that John P. Hitt was a man of no literary attainments; that, during the time O'Donoghue was at work on the book, the parties had many interviews and consultations about the work, and that O'Donoghue at the suggestion of Hitt re-wrote and revised a good deal of the manuscript. The plaintiff introduced Mrs. O'Donoghue, the widow of plaintiff's intestate, and offered to prove by her conversations with John P. Hitt, occurring subsequently to the death of her husband, in respect of the services performed by her husband in writing the book, and the statements by Hitt as to the value of these services; but the court, on the defendant's objection, excluded the evidence.

The defendant interposed the general statute of limitations as a bar to the allowance of the demand.

The defendant has filed a motion in this court asking that the appeal be dismissed for the reason that, in probate matters, no appeal lies from the judgment of the Cape Girardeau court of common pleas to this court. This question is at the threshold of the case, and must be disposed of first.

In 1853, the legislature by a special act extended the territorial jurisdiction of the Cape Girardeau court of common pleas over the entire county, and also gave

the court concurrent jurisdiction with the county court in all probate matters. The latter part of section one (1) of the act, in which this jurisdiction is conferred, is as follows: "To hear and determine all suits and other proceedings instituted against executors or administrators upon any demand against the estate of their testator or intestate, when such demand shall not exceed the sum of one hundred dollars, and concurrent jurisdiction in (with) the circuit court in all such cases, when the demand shall exceed that sum; subject to appeal in all cases to the circuit court in such manner as may be provided by law."

Section 10 : "The circuit court of Cape Girardeau county shall have a superintending control over the said court of common pleas, and appellate jurisdiction from its final judgments and decisions, by appeal or writ of error, which shall be allowed and prosecuted in the manner and with the effect prescribed by law in cases of appeal or writ of error from the circuit court to the supreme court, except that no such appeal or writ of error shall in any case operate as a *supersedeas* or stay of execution, or other proceedings on the judgment or decision of the said court of common pleas."

Section 11. "In all cases of final judgment or decision of the said court of common pleas, appeals and writs of error may be allowed and prosecuted directly to the supreme court, in the manner and with the effect in all respects as is or may be provided by law in cases of such appeal or writ of error from the circuit court to the supreme court in civil cases."

The respondent's counsel insists that, under the foregoing provisions of the special act, all questions concerning the administration of estates determined in the common pleas court must, in the first instance, be appealed to the circuit court of Cape Girardeau county, and there tried *de novo*. We cannot agree to this. The special law by which the Cape Girardeau court of

common pleas was established plainly provides two methods of appeal from final judgments, one to the circuit court of the county, and the other to the supreme court. A common pleas court is an inferior tribunal of mere statutory origin, and entirely subject to the legislative will. It was therefore perfectly competent for the legislature to provide appeals or writs of error from its final judgments to one or more superior courts. By section 10 such right of appeal to the circuit court is authorized in all cases, and it is not confined to probate matters. A like and concurrent right of appeal to the supreme court is created by section 11. Any litigant may pursue either, and the only difference in the two methods is, that the circuit court is only an intermediate appellate court, and an appeal to it cannot be made to operate as a *supersedeas*. The supreme court in the cases of *Schulenberg v. Evans*, 59 Mo. 41; *McCraw v. Hubble*, 61 Mo. 107, and *Ross v. Murphy*, 55 Mo. 372, construed similar statutes, and the conclusions of the court in those cases afford authority for the views herein expressed. The defendant's motion to dismiss the appeal will be overruled.

The court gave the following instruction, asked by the defendant: "On the part of the defendant the court instructs you that, although you may find from the evidence that John P. Hitt employed Alfred H. O'Donoghue to write and prepare for him the manuscript of a book, and that O'Donoghue did such work in pursuance of his employment, yet, if you shall further find from the evidence that the said O'Donoghue died on the tenth or eleventh day of May, 1883, and that the said John P. Hitt survived him more that five years, and died September 3, 1888, then plaintiff's claim on account of such services of O'Donoghue was barred by the statute of limitations at the time of the death of John P. Hitt, and your verdict should be for the defendant."

If this instruction properly declared the law, then the judgment must be affirmed; otherwise it will have

to be reversed. When did the statute of limitations begin to run against the demand? That is the question to be answered. If the right of action accrued and existed during the lifetime of O'Donoghue, then the statute began to run, and, the fact that letters of administration on his estate were not granted until years after his death would not have the effect to stop the running of the statute. In such a case the time between his death and the granting of letters on the estate must be counted. *Baird v. Reynolds*, 6 S. E. Rep. 377; *Levering v. Rittenhouse*, 4 Whart. (Penn.) 130; *Johnson v. Pyles*, 11 S. & M. 189. But, if the right of action did not accrue until after the death of O'Donoghue, then the claim is not barred by the statute, for the reason that there was no one in existence capable of enforcing it, until letters of administration were granted to plaintiff. Wood on Lim., sec. 117.

That the right of action in this case did accrue during the lifetime of Mr. O'Donoghue, we think is fully established by the plaintiff's evidence. The evidence introduced by the plaintiff tended to prove that the work was performed under the immediate supervision and direction of John P. Hitt, and that the subject-matter of the manuscript was examined by him, as the work progressed, and was subject to his dictation. From this, the law, in the absence of a special contract, would imply a promise by Hitt to pay the reasonable value of the work performed, and this evidence excludes the theory now urged by the plaintiff, that O'Donoghue had no right of action against Hitt, until the manuscript was accepted by him. We do not think that O'Donoghue's right to compensation for the work actually performed by him in any way depended upon the completion of the work, or its acceptance by Hitt.

Our conclusion is that the right of action existed at the date of O'Donoghue's death, and that the instruction was right.

The trial judge was of the opinion that Mrs. O'Donoghue was an incompetent witness and could not testify. In this he was wrong. *Cannon v. Moore*, 17 Mo. App. 92. The error, however, was harmless and not prejudicial, because the matter attempted to be established by the witness did not relate to any part payment within the period of limitation nor to any written promise within such period. As affecting the question of limitation, on which the whole case turned, her testimony, as embodied in the offer of proof, could not possibly have changed the result.

We have not deemed it necessary to refer to the plaintiff's instructions for the reason that the whole controversy hinges and depends upon the correctness of the defendant's instruction.

The judgment of the common pleas court will be affirmed. All the judges concur.