## THE CITY OF OKLAHOMA CITY V. THE T. M. RICHARDSON LUMBER COMPANY.

1. PROVISIONAL GOVERNMENT—*No Legal Authority to Contract Debts.* The provisional government for the regulation and management of the affairs of the cities and towns of the Territory of Oklahoma which were established prior to the act of congress approved May 2, 1890, were but voluntary associations of the people living in them; were without legal authority, and had no power to contract debts which should constitute legal obligations upon the municipalities afterwards formed under authority of law.

2. INCORPORATION — *Retention of Purchases Made Prior to — City Liable.* Purchases of lumber were made prior to May 2, 1890, from the Jones-Richardson Lumber company, by persons representing the provisional government of Oklahoma City. The lumber was applied in constructing sidewalks upon the streets, and for other public improvements for the city. The unpaid account for the lumber was assigned for value to the defendant in error. The plaintiff in error became a legally incorporated city on the 7th day of April, 1891. Thereafter, upon the ——— day of September, 1891, the defendant in error demanded payment for, or return of, the lumber, from the plaintiff in error, both of which were refused. The plaintiff in error thereby appropriated the lumber, and will be bound to pay the value thereof at the time of the demand and refusal to pay for or return the same, together with interest upon the amount, at 7 per cent. from the ——— day of September, 1891. It is an ordinary case of conversion.

*Error from the District Court of Oklahoma County.*

*W. R. Taylor, Hays & Van Winkle,* for plaintiff in error.

*C. A. Galbraith,* for defendant in error.

The opinion of the court was delivered by

McAtee, J.: This suit was brought by the T. M. Richardson lumber company against the city of Oklahoma City to recover compensation for a bill of lumber amounting to $156.04, furnished on July 2, 1889, by the Jones-Richardson lumber company, at the request of the city council of Oklahoma City, a local government

which had been improvised by the residents of the town, in the absence of any statutory authority on the part of said residents to create a municipal government, and under which sanitary, police and other municipal powers were exercised up to the time of the passage of the Organic Act for the Territory of Oklahoma; when, for a brief period, the form of village government existed under the laws of the state of Nebraska, as provided by the Organic Act. At the time the lumber was furnished there was no duly organized municipal government for the village or city of Oklahoma City.

Thereafter, upon the 7th day of April, A. D. 1891, and after the first meeting of the first legislature of Oklahoma, the village government was abandoned, and the city became incorporated as a city under the laws of the Territory of Oklahoma. Thereafter, on the — day of September, A. D. 1891, the defendant in error, which had become assignee for value of said account, presented its bill to the said city government for payment, which was refused. The lumber had been bought for the purpose and had been received and appropriated by the provisional government in making sidewalks and in building a tool-house, closet, shelter for police, crosswalks, culverts, etc., and had been from that time continuously, and was at the time of the demand for payment made by defendant in error from plaintiff in error, still appropriated to the use to which it had been applied. The defendant in error at the same time filed a conditional petition with the city council of plaintiff in error, by which it requested payment of said account, and requested, in case its demand for payment was not complied with, that it might be permitted by the city council to take up and retain the lumber as it was then lying on the streets, in the sidewalks, culverts, crosswalks, closet, shelter and tool house. The city government, plaintiff in

error, refused both demand for payment and request that defendant in error be permitted to take back the property. The defendant in error, plaintiff below, brought this suit, alleging in the amended complaint upon which the case was tried, that the plaintiff in error had converted the lumber to its own use, and the jury returned a verdict for the contract price for the lumber, with interest from the date of purchase by the provisional city government, upon July 2, 1889, upon which judgment was entered up against plaintiff in error, and for costs of suit. The plaintiff in error brings the case here for review.

The various assignments of error raise the questions, (1) of the liability of plaintiff in error, the city of Oklahoma City, to pay for the lumber supplied the provisional government of Oklahoma City prior to its legal incorporation; and if such liability is found to exist, (2) whether payment should be required for the value of the lumber at the time it was furnished to and used by the provisional government, or whether payment should be made of the value at the time of the refusal either to pay for or return the lumber. These questions were raised at the trial by demurrer to the amended complaint, which was overruled; by objection to the admission of evidence under the complaint; by demurrer to the evidence introduced in behalf of the defendant in error as not proving a cause of action, all of which were overruled, and such ruling excepted to; by offering of instructions by plaintiff in error, which were refused; by the third instruction given by the court, which was excepted to by the plaintiff in error, and by the overruling by the court of a motion for a new trial, which ruling was excepted to.

The contention that the plaintiff in error can be legally liable to pay the debts which were incurred, or sought to be incurred, b   _ provisional government

of Oklahoma City, prior to its legal incorporation, cannot be sustained. The provisional government was without legislative authority. It was but the voluntary association of the people of the community for the regulation of their affairs during an interregnum. It had no legislative authority. The character and liability of such provisional government was considered by this court, in *The City of Guthrie v. Territory, ex rel. Losey*, 1 Okla. Rep. 193, as follows:

"The proposition which lies at the foundation of the law of corporations, public and private, exists and can only exist, by virtue of express legislative enactment, creating or authorizing the creation or existence of the corporate body. Legislative sanction is with us absolutely essential to lawful corporate existance. (Dillon, Mun. Cor. § 37.) These provisional governments had no legal existence; they were nonentities; they could not bind themselves by contracts, nor bind any one else. They were morally bound to make just recompense for that which they received in money, labor or materials, but no such obligation could be enforced against them."

There could, therefore, be no transmission from it to the plaintiff in error, of any rights, duties or liabilities. No legal liability is, therefore, imposed upon the plaintiff in error to pay for the lumber, the possession of which was secured by the provisional government.

The plaintiff in error is not, therefore, liable for payment of the lumber as supplied to the provisional government. It is liable for the payment of the value of the lumber at the time of the demand made by defendant in error, and its refusal to either pay for the lumber, or to permit it to be removed and taken out of its possession.

The defendant in error had the right, at the time of the transaction with the provisional government, to hold liable those who pretended to deal with authority

in its name; or he had a right to repudiate the pretended contract and retain the ownership of the property. In demanding from the plaintiff in error payment for the property, or possession of it, he asserted his claim, and was entitled from the plaintiff in error to either return of the lumber, or payment for it. (*Reynolds v. Shuler*, 5 Cow. 343; *Thompson v. Currier*, 24 N. H. 237; *Shaw v. Pickett*, 25 Vt. 423; *Blood v. Sayre*, 17 Vt., 609.)

Upon such demand being made, and the refusal of the plaintiff in error to return the lumber or to pay for it, the defendant in error became entitled to recover its value as for a conversion, together with interest at the rate of seven per centum per annum from the date of the demand made by the defendant in error. (*Neymouth v. R. R. Co.* 17 Wis. 550; *Weld v. Oliver*, 21 Pick. 559; *Greeley v. Stillson*, 27 Mich. 153; *Winchester v. Craig*, 33 Mich. 205; *Davis v. Fairclough*, 65 Mo. 61; *Ewing v. Blont*, 20 Ala. 694; *Sanden v. Clark*, 106 Mass. 331.)

By the Court : It is so ordered.

Scott, J., having presided below, not sitting; all the other Justices concurring.