[No. 743.   Decided October 19, 1892.]

THE COUNTY OF SPOKANE, *Respondent*, v. NORTHERN PACIFIC RAILROAD COMPANY, *Appellant*.

COLLECTION OF DELINQUENT TAXES — CHANGE OF LAW.

The legislature has power to enact a change in the method of collection of taxes which were assessed and levied under a former law, as the method of collection is merely a matter of remedy and not of contract right.

Under the provisions of the revenue law of 1891 (Laws 1891, p. 280), and of "An act to cure defective titles to real estate," etc.

(Laws 1891, p. 166), delinquent taxes for the years 1889 and 1890 can not be collected under the provisions of the revenue law of 1889–90, except in cases where, prior to the passage of the revenue law of 1891, proceedings had been begun under the law of 1889–90 for the collection of taxes or special assessments whereof the levy and assessment had been completed and payment was past due.

*Appeal from Superior Court, Spokane County.*

*Ashton & Chapman,* and *McBride & Allen,* for appellant.

*S. G. Allen,* and *J. D. Hinkle,* for respondent.

The opinion of the court was delivered by

STILES, J.—The court below overruled appellant's demurrer to the respondent's complaint for the recovery of taxes assessed for the years 1889 and 1890.    The suit was brought under the act of March 9, 1891 (Laws of 1891, p. 280), known as the Revenue Law, as respondent claims it was required to do under the act of March 6, 1891, entitled "An act to cure defective titles to real estate," etc. (Laws of 1891, p. 166).    Appellant contends that the proceedings to collect these taxes should have been taken under the revenue law of 1890, for the following reasons: (1) Because the law of 1890 allowed two years for redemptions from tax sales.    (2) Because the law of 1891 allows but one year for redemption, or possibly no time at all. (3) For the reason that the time for redemption allowed by the former law was in the nature of a contract with the taxpayer, which could not be impaired without an infringement of the constitution of the United States.    (4) Because of the provisions of § 119 of the revenue law of 1891 (Laws, p. 325), which reads as follows:

"An act entitled 'An act to provide for the assessment and collection of taxes in the State of Washington,' enacted by the legislature of this state at the first session thereof, and delivered to the governor March 28, 1890 (chapter XVIII of session laws of 1889–90), is hereby repealed: *Pro-*

*vided*, That the repeal of said act shall not be construed to impair any existing right, or affect any proceeding pending at the time this act shall take effect; but all proceedings for the assessment of any tax, or collection of any tax, or special assessment remaining incomplete, may be completed under the provisions of the above entitled act hereby repealed.''

We do not deem it necessary or proper, at this time, to pass upon the question whether, if the property sought to be subjected to sale by this proceeding should be hereafter sold, the appellant would have two years, or one year, or any time at all for redemption.    If it lay in the power of the legislature to reduce the period of redemption, or to take away the right to redeem altogether, and if it has enacted a law to effect that purpose, it would have to be enforced.    On the other hand, if it had not the power to change the time or abolish the right, the appellant cannot be injured.    In our view all that need be here settled is whether the legislature had the power to enact a change in the method of collection, viz., the remedy; and whether it has done so by the two acts of 1891.    No authority is cited to us to the contrary of the first proposition, and we see nothing inherently unreasonable in it.    It is a general rule that any remedy may be changed by the law making power, and to any extent, so long as an adequate remedy is left or substituted.    In this instance the remedies afforded to the appellant under the act of 1891 are certainly no less adequate than those afforded by the act of 1890, and previous revenue laws.    As to the next point we regard § 1 of the act of March 6, 1891, as a clear and explicit statement of what is to be done.    After providing for the making of delinquent tax rolls, and that they be filed with the county treasurer on or before April 1, 1892, it requires that like proceedings be had ''for the collection of said taxes and assessments, with penalties, costs and interest, as may by law be provided for the collection of taxes on

real estate becoming delinquent on the roll of 1891.''
Counsel urge that on this 6th day of March the legislature
could not have passed this act in view of any other law than
that of 1890, since neither that body nor its individual
members could have known that three days later, or at any
other time of the session, a law would be passed which
would govern the collection of taxes becoming delinquent
on the roll of 1891.    But we think that the very language
used, while it does not tend to support a claim that the
legislature knew what would happen, plainly supports the
idea that it knew what might happen, and that its desire to
establish uniformity in the procedure for the collection of
taxes, and the stability of tax titles, led it to pave the way
for laying aside the act of 1890 entirely in case a new act
should be passed.    It is not claimed that it could not do
this, and the intention to do it is manifest.

Concerning § 119 of the act of March 9th, it is to be noted
that the first clause of the proviso merely saves all existing
rights.    The second clause is: ''But all proceedings for
the assessment of any tax, or collection of any tax, or
special assessment remaining incomplete, may be completed
under the provisions of the above entitled act hereby re-
pealed,'' and if there were no act of March 6th, the con-
tention of appellant that proceedings of any kind for the
assessment or collection of taxes due under the act of 1890
would have to be taken and concluded under the latter act.
But we are under the necessity of construing both of the
acts of 1891 so that each may have its proper force, for it
is difficult to conceive that at the same session, and within
three days, the legislature would have enacted two laws on
precisely the same subject, the latter of which would by
mere implication repeal the former.    We say repeal be-
cause a reference to § 154 of the act of 1890 shows that all
incomplete proceedings for the collection of any tax due
under prior revenue laws were to be carried on in accord-

ance with that act; so that if the proviso of § 119 of the revenue law of 1891 were to be given the force claimed for it, the act of March 6, 1891, would have nothing at all to operate upon, which would work an implied repeal of it.

We conceive, therefore, that in the light of the act of March 6th the operation of the proviso to the act of March 9th must be restricted to two classes of proceedings: (1) Proceedings for the assessment of a tax or special assessment, which at that date were pending but incomplete, of which it is doubtful if there were actually any, and of which the act of March 6th took no cognizance whatever. (2) Proceedings theretofore taken under the act of 1890 for the collection of taxes or special assessments, the assessments for which had been completed and payment of which was past due, of which there might have been some instances in connection with taxes of 1889, and previous years. If such proceedings were pending, it was entirely reasonable to except them from the sweeping provisions of the act of March 6th.

In reaching this conclusion we may, perhaps, be permitted to doubt whether a careful scrutiny of the language of § 119 at the time of its passage would have left this matter to construction.

It results that the action of the superior court is sustained, and the judgment affirmed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.