[No. 2844.  Decided February 26, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. GAIL
LATTIN, *Appellant*.

JURORS — QUALIFICATIONS — COMPETENCY—HOMICIDE — RELEVANCY OF
EVIDENCE.

· Jurors must be householders, whether summoned on a regular panel or on an open venire to complete the panel, under Laws 1895, p. 139, providing that jurors summoned to serve on grand and petit juries shall be householders, and under Code Proc., § 339 (Bal. Code, § 4978), which requires a juror summoned on an open venire to have the same qualifications as if he had been previously selected on the original list.  .

Where a juror discloses on his examination that he has an opinion as to the guilt or innocence of the defendant, which it would take evidence to remove, and it does not clearly appear that he could nevertheless accord the defendant a fair and impartial trial, he is subject to challenge for cause.

In a prosecution for murder to which the defense of justifiable homicide has been interposed on the ground that deceased made an assault with a pistol, which was afterwards found on the ground near where the killing occurred and introduced in evidence, the testimony of persons likely to know whether deceased ever owned the pistol is admissible for the purpose of establishing that deceased had never been seen with the pistol introduced in evidence.

Appeal from Superior Court, Stevens County.—Hon. L. H. PRATHER, Judge.  Reversed.

*Wirt W. Saunders, E. O. Connor,* and *Galbraith & Nordyke,* for appellant:

It is a well established rule of law that a juror in a criminal case who has acquired and expressed an opinion which would require evidence to remove is disqualified, even though he declares it his belief he could try the case impartially.  *State v. Wilcox,* 11 Wash. 215;  *State v. Mur-*

*phy*, 9 Wash. 204; *State v. Coella*, 3 Wash. 99; *Rose v. State*, 2 Wash. 310; *State v. Rutten*, 13 Wash. 203; *Cancemi v. People*, 16 N. Y. 501; *Thurman v. State*, 43 N. W. 404; *Brown v. State*, 70 Ind. 576; *State v. Culler*, 82 Mo. 623.

The court erred in permitting witness Hardison to give negative testimony that he never saw the deceased, Moody, have the pistol about the house, which was introduced in evidence as being the pistol Moody had in his hand at the time of his assault upon Lattin, and which was found where he fell. *Gormley v. Bunyan*, 138 U. S. (34 Law. ed.) 623; *Draper v. State*, 22 Tex. 400; *Jones v. State*, 7 Tex. App. 457; *Myers v. State*, 6 Tex. App. 1; *McReynolds v. State*, 4 Tex. App. 327; Thompson, Trials, § 391.

*H. G. Kirkpatrick*, Prosecuting Attorney, *(Feighan & Ludden*, and *C. A. Mantz*, of counsel), for The State:

It is alleged by counsel for appellant that the court committed error in overruling the challenge to juror Chamberlain. We think the ruling was strictly within the decisions of this court and is in accordance with our statutory provisions upon this subject. The juror, having been fully interrogated, said in answer to the question, "You did not have anything but an impression?" "I guess that is about the right name for it." And, when asked if it would require evidence to remove his opinion, said: "I do not know as it would require very much evidence." And, in answer to the further question, "Your opinion is such at the present time that you are biased a little more on one side than the other?" he answered, "Yes, a very little." And in answer to the question as to whether or not it was such a fixed opinion as to prevent the juror from giving the defendant a fair and impartial trial, he said: "No, sir, I do not think it is."

The question of bias is a judicial question to be determined by the *nisi prius* court from the answers of the juror and from his appearance and demeanor. And it seems to us if any effect is to be given to § 346, 2 Hill's Code, the action of the court in this case was proper. We think the ruling of the court is sustained by the ruling of this court in the cases of *State v. Carey*, 15 Wash. 549, and *State v. Coella*, 8 Wash. 512; and is sustained by a majority of the states whose statutes are similar to ours upon the subject. *Smith v. Eames*, 36 Am. Dec. 515; *Monday v. State*, 79 Am. Dec. 314; *Commonwealth v. Brown*, 9 Am. St. Rep. 744 (1 L. R. A. 620); *State v. Medlicott*, 9 Kan. 257; *State v. Crawford*, 11 Kan. 32.

Counsel for appellant allege as error that the court overruled the objection to the testimony of the witness Hardison, because said testimony was negative. This would go to the weight and not to the admissibility of the testimony. *State v. Phair*, 48 Vt. 366; Wharton, Criminal Evidence (9th ed.), § 392.

The opinion of the court was delivered by

Scott, C. J.—The defendant was convicted of manslaughter and has appealed. The first error alleged is that the court erred in denying the challenge of the defendant to juror Fuller for cause, on the ground that he was not a householder. It is contended by the state that the act, Laws 1895, p. 139 (Bal. Code, §§ 4740-4748), relating to the qualification of jurors, does not affect § 339, 2 Hill's Code (Bal. Code, § 4978). It is conceded that Fuller was not a householder, but he was summoned on an open venire to complete the panel, the number who had appeared on the regular panel being exhausted. In *State v. Cushing*, 17 Wash. 544 (50 Pac. 512), it was held that § 339 and the act aforesaid might both stand, they not being conflicting. The case of *Redford v. Spokane St. Ry. Co.*, 15 Wash. 419

(46 Pac. 650), has been called to our attention as holding that jurors called upon an open venire need not be householders, but the contention there was that the act of 1895 was unconstitutional, on the ground that limiting the persons who could serve as jurors to householders made it class legislation. It was urged by counsel as an additional reason in support of that contention, that there was no such qualification required when jurors were summoned on an open venire, and the court mentioned it as such, but there was no intention to decide that such jurors need not be householders, nor does the opinion so hold. In fact, it was stated that the act was uniform in its operation. Prior to the act of 1895, a juror summoned on an open venire under § 339 had to have the same qualifications as if he had been previously selected on the original list. We are of the opinion that the act of 1895, in prescribing the qualifications of a householder, applies to all jurors, however summoned. Section 339 provides that persons summoned upon an open venire shall be qualified persons, and the law then in force prescribing the qualifications was amended by this act, and § 339 must be read in harmony with it as amended; consequently, it was error to deny the challenge.

It is next contended that the court erred in denying the defendant's challenge to another juror for actual bias, upon the ground that he had formed and expressed an opinion concerning the guilt or innocence of the defendant which would require evidence to remove. This question has been before this court a number of times, and the holding has been uniform that such an opinion is a ground of challenge. The only question to be determined is, whether this falls within it. The witness testified squarely that he had an opinion formed by talking with persons about the alleged crime, and that it would take evidence to remove it. He said he did not know that it would take very much, but it

would require some. The only thing to weaken this was
the question put by the court, which is as follows:

" Q.—Is that opinion such a fixed opinion in your mind
as would prevent you from giving the defendant a fair and
impartial trial?

" A.—No, I do not think it is."

And here the examination ended. The witness did not
testify that he could disregard the opinion he had
formed, and could enter upon the trial free from its influ-
ence, as if he had not formed any, or, in fact, make it ap-
pear by his other testimony that he really had no such fixed
opinion, but had directly testified that he had one and that
it would require evidence to remove it. This apparently
was not drawn from him inadvertently, but was an honest
and fair expression of the condition of his mind. As to the
question put by the court, he may not have understood very
clearly what a fair and impartial trial was. It was for the
court to find as to that upon the evidence, and there was
no evidence to base it on. The challenge should have been
sustained.

It is further alleged that the court erred in overruling an
objection to certain testimony given by one Hardison, that
he had never seen the deceased have the pistol introduced in
evidence, and alleged to have been held by him at the time
he was killed. This was a disputed fact, and it was compe-
tent to prove that the deceased had never been seen to have
such, or any pistol, by persons who would be likely to know
if he did have one. This witness was an employee of, and
had been living with, the deceased. The evidence, although
negative, was competent for what it was worth.

It is also alleged that the court erred in sustaining
an objection to a question asked a witness as to what
the deceased had said to him with reference to his inten-
tion of going to the premises in controversy and entering at

all hazard.  If we understand the record, this matter had been brought home to the Lattins, and the question was a proper one.  It is contended by the prosecution that error, if any, was subsequently cured on further examination of the witness.  As the case must be reversed for reasons above stated, it is unnecessary to examine it further. It is further contended that the court erred with reference to some of the instructions given relating to self-defense.  It is practically conceded by the prosecution that the particular instructions were faulty, but it is claimed that they were cured by others given. It is unnecessary to set forth the instructions, as the same questions are not likely to arise upon a retrial, and this also is true with reference to a great many other alleged errors, and it is unnecessary to pass upon them for that reason.  Some of them have no foundation in the record and some are immaterial.

Reversed and remanded.

ANDERS, DUNBAR and REAVIS, JJ., concur.