[No. 3606.    Decided June 26, 1901.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVE LYTS,

*Appellant.*

CRIMINAL LAW — CHANGE OF VENUE — AMENDMENT OF INFORMATION.

Under Bal. Code, § 4860, which provides that the court to which a change of venue is taken has the same jurisdiction over the action transferred as if it had been originally commenced therein, an information is amendable by the prosecuting attorney, on leave of the court of another county to which the prosecution had been transferred.

CONFESSIONS — STATEMENTS MADE ON PRELIMINARY EXAMINATION — ADMISSIBILITY IN EVIDENCE.

Testimony of the accused, amounting to a voluntary confession, given on his preliminary examination, may be introduced in evidence on his trial, under our statute (Bal. Code, § 6942), which provides that such confession may be given as evidence against the accused, "except when made under the influence of fear produced by threats."

Appeal from Superior Court, Snohomish County.— Hon. FRANK T. REID, Judge. Affirmed.

*John F. Dore, John W. Kelley* and *James J. McCafferty,* for appellant.

*James F. McElroy,* Prosecuting Attorney, *W. P. Bell, G. Meade Emory* and *William C. Keith,* for the State.

The opinion of the court was delivered by

REAVIS, C. J.—In the early morning of the 5th of July, 1899, one Miller, then drinking with the appellant, Lyts, and defendant Esplin in the Reception Saloon, in Seattle, and waited upon by the bar keeper, Phillips, was given a drug in a glass of beer, and became unconscious, and while in that condition the bar keeper, Phillips, found $380 in an inside pocket upon Miller, unbuttoned the vest and took the money. A quarrel ensued be-

tween the three,—Phillips, Lyts, and Esplin,—as to the distribution of the stolen money, and Miller, aroused by the quarrel and seeing his money gone, drew his pistol and demanded its return. The attention of the three was then directed to Miller, Phillips took the pistol from him, and Esplin knocked him down. Miller at once reported the theft to the police officers, and all three of them were thereafter informed against for larceny. An information was filed in the superior court against Phillips, and another against Lyts and Esplin, charging each with grand larceny. Lyts and Phillips each secured a change of venue from King to Snohomish county, for trial. In the original information filed against Lyts the $380 was described as lawful money of the United States. Afterwards it was learned that the money consisted of three $100 Canadian bills and $80 in the money of the United States. After removal of the case to Snohomish county, the prosecuting attorney of King county asked leave to amend the information against Lyts, and to file a new one, so amended, describing the money correctly, and the court permitted the filing of such information, upon which the defendants were tried.

A number of errors are assigned by counsel for appellant. They have all been examined, and none are deemed reversible. After the change of venue from King to Snohomish county, the superior court of Snohomish county was possessed of complete jurisdiction of the cause. When the information was amended the action was not dismissed. 1 Bishop, New Criminal Procedure, § 714, says:

"An information differs from an indictment. Since the prosecuting officer, unlike the grand jury, is always present in court, he may on leave amend it to any extent not interfering with the due order of judicial proceedings."

Section 4860, Bal. Code, declares:

"The court to which an action or proceeding is trans-

ferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein."

On the day of the larceny the appellant fully stated the circumstances to the sheriff and deputy sheriff. Objection is made to the introduction of testimony given by the appellant and defendant Esplin at the preliminary examination, but it was shown that this testimony was voluntarily given. The following rule with reference to this is stated in 6 Am. & Eng. Enc. Law (2d ed.), p. 564: "If the confession is voluntary it will be admissible though it appears that the prisoner was not warned," where there is no statute on the subject. Our statute (Bal. Code, § 6942) substantially provides that a confession other than under the influence of fear may be given, with the circumstances attending it. In the light of the record before us, we cannot see any error here.

Neither is there observed any statement of the facts and comments thereon by the trial court within the inhibition of the constitutional rule. The court, while rather prolix in its instructions, only endeavored to direct the jury to the issues of fact before it.

The evidence abundantly showing the guilt of the defendant, and, no material error of law occurring in the trial, the judgment is affirmed.

DUNBAR, ANDERS, FULLERTON and WHITE, JJ., concur.