[No. 6513.   Decided December 22, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES KINNEY *et al., Appellants*.[1]

JURORS—PREJUDICE—CHALLENGE. It is proper to deny a challenge to a juror who stated that his mind was influenced by the fact that the defendants were charged with crime, giving him an opinion that they were guilty which it would take evidence to remove, where the answers were elicited in a discussion of abstract principles of law which it was evident he did not understand, and not in examining him in relation to his knowledge of the case or prejudice in regard to the guilt or innocence of the accused, and where, upon explanation, he properly expressed his capability to act upon the evidence and the law as given by the court, and knew nothing of the case and was not prejudiced against the defendants or the crime charged (ROOT, CROW, and HADLEY, JJ., dissent).

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered July 7, 1906, upon a trial and conviction of the crime of robbery.   Affirmed.

*Cooley & Horan* and *J. H. Naylor*, for appellants, cited, among other cases:   *State v. Beatty*, 45 Kan. 492, 25 Pac. 899; *State v. Miller*, 29 Kan. 43; *State v. Brown*, 15 Kan. 400; *People v. Casey*, 96 N. Y. 115; *Olive v. State*, 11 Neb. 1, 7 N. W. 444.

*J. W. Hartnett*, for respondent, cited:   *State v. Croney*, 31 Wash. 122, 71 Pac. 783; *Denham v. Washington Water Power Co.*, 38 Wash. 354, 80 Pac. 546.

[1]Reported in 87 Pac. 1123.

Dunbar, J.—The defendants were convicted of the crime of robbery, and judgment and sentence upon such verdict were entered. After eleven of the jurors had been accepted and passed upon as qualified to sit as jurors in the trial of the case, and after the defendants had exhausted all their peremptory challenges, the twelfth juror, a Mr. W. H. Cleaver, was called and examined. After direct examination by the prosecuting attorney, counsel for the defendant, Mr. Naylor, proposed the following interrogatory:

"Q. The court, I believe, will announce to you in his charge that it is a principle of law that a defendant is presumed to be innocent of the crime of which he is charged. He comes in here upon the trial of this case—or both of them in this case—with that presumption, that they are innocent. That is a principle the court will announce to you is the law. Now, in entering the trial of this case are you in that state of mind, that you now consider that he is innocent? A. Well, not knowing anything of the case, I could not say. Q. I have stated, Mr. Cleaver, that it is a principle of law that a juror must entertain, and that is that every man charged with the commission of a crime is presumed to be innocent until the state proves him guilty. Now, are you in that state of mind that you now presume the defendants to be guiltless? A. Well, of course, that depends a great deal. Q. Well, does that depend upon what the evidence will be? Is that what you mean? A. If the evidence is strong enough, why, he certainly would be innocent. Q. I don't think you comprehend exactly the principle that I have tried to enunciate. That is this: The law is that every person charged with the commission of a crime is presumed to be innocent. That is a presumption that is in his favor. It is that much evidence in his favor at the start. He is presumed to be innocent, and it requires that a juror should hold that in his mind at the start, that he is innocent, and that they demand of the state that they prove him guilty beyond a reasonable doubt. Now, are you in that condition of mind that you now consider the defendants guiltless and that you will demand of the state that he be proven guilty beyond a reasonable doubt? A. I am not, no sir. Q. Do I now understand that

you now have an impression as to the guilt or innocence of the defendants? A. No, not exactly, no. A man that has been charged that he committed the crime, why I think, to a certain extent, that is—I form an opinion right there. Mr. Naylor: I challenge the juror. The Court: Mr. Cleaver, if the court instruct you that the law is that the defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt and that in weighing the evidence you will have to weigh it with that presumption in his favor until the evidence does show that he is guilty beyond a reasonable doubt, are you in a condition of mind that you can do that, remember that principle of law and apply it in this case? A. I think I could, yes. The Court: The challenge is denied. Mr. Naylor: Just one question more. Does the fact that the defendants are charged with the commission of a crime, does that fact influence your mind? A. Yes, sir, it does. Q. It does? A. Yes, sir. The Court: The challenge is denied. I think that is a thing common to— Mr. Naylor: Just one thing more before I except to the ruling of the court. I understand you to say, now, because the prosecuting attorney has charged the defendants with the commission of this crime that that fact of his having charged the defendants with the commission of this crime fixes in your mind an opinion that they are guilty? A. Yes, sir. Q. And that it would take evidence to remove that opinion formed in your mind? A. It certainly would. The Court: Now, Mr. Cleaver, let me ask you: The fact that the prosecuting attorney has charged the defendants with the crime leads you to think that there must be some ground for it? A. Yes. Q. But that wouldn't influence your judgment? You would depend entirely upon the law and evidence, wouldn't you, in the trial of the case? A. Possibly. Q. You say possibly? A. Possibly, yes. Q. Don't you know that you would decide it according to law and evidence? A. Well, I couldn't say; no. Q. You think that the fact that anybody charges another with a crime is sufficient to let you find him guilty on that alone, without any evidence? A. Well, I want the evidence, of course. Q. You would require evidence? You would require the state to prove him guilty before you would find him guilty, wouldn't you? A. I expect I would, yes. Q. Well, you know it is the duty of every juror to require

evidence before you find a man guilty? A. Yes, sir. Q. And you would do that? A. I will do that."

The balance of the statement is only a repetition, in sub-stance, of what we have set out.

It is contended by the appellants that the examination shows prejudice on the part of the juror, to such an extent that the rights of the appellants were imperiled by his acting on the jury; and the cases decided by this court, viz.: *State v. Murphy*, 9 Wash. 204, 37 Pac. 420; *State v. Wilcox*, 11 Wash. 215, 39 Pac. 386; *State v. Rutten*, 13 Wash. 203, 43 Pac. 30; *State v. Moody*, 18 Wash. 165, 51 Pac. 356; *State v. Lattin*, 19 Wash. 57, 52 Pac. 314; *State v. Stentz*, 30 Wash. 134, 70 Pac. 241, and *State v. Riley*, 36 Wash. 441, 78 Pac. 1001, are cited to sustain this contention. But an examination of those cases convinces us that they do not reach the material point in this case. Jurors possess so many degrees of intelligence that it is difficult to lay down a uniform rule in regard to their qualifications. An answer made by one juror may mean one thing. The same answer made by another juror may disclose an entirely different state of mind on the part of the juror. The different manner in which questions are propounded by attorneys and by courts elicits different answers from the jurors, although the same subject-matter is under discussion. In the cases cited by the appellants, it appeared that the jurors enter-tained opinions on the guilt or innocence of the party being tried, and it was held that, when that condition of mind ex-isted in a juror, he was not an impartial juror under the constitutional guaranty that a defendant in a criminal action shall be entitled to an impartial jury of the county in which the offense is alleged to have been committed. But it will be noticed in this case that there is no discussion of the guilt or innocence of the parties charged. In fact, the record shows that the juror testified unequivocally that he never had heard of the case, and that he had no impression or opinion

as to the guilt or innocence of the defendants. The trouble is that the learned counsel for the defendants, instead of examining the juror in relation to his knowledge of this case and his bias or prejudice in regard to the guilt or innocence of the defendants, entered into a discussion with him on abstract principles of law, which it is evident from the whole colloquy the juror did not understand. Now, in answer to the first query the juror said: "Well, not knowing anything of the case, I could not say." It would be hard to conceive of a more natural and correct answer to such a question. A person not knowing anything about the case could not possibly consider the defendant guiltless—he would simply not have any opinion on the subject. The old common law illustration was that a juror's mind on the subject of guilt or innocence should be like a blank sheet of paper, ready to receive impressions from the testimony presented. The juror evidently failed to understand and comprehend the difference between a legal assumption of innocence and the fact that he *believed* the defendants to be innocent beyond a reasonable doubt; and as soon as he understood from the instructions given him by the court that he was to act upon the legal assumption that the defendant was innocent until he was proven guilty, he properly expressed his capability to so act.

The juror indicated that the fact that the prosecuting attorney had informed against the defendants led him to presume that there was some evidence of their guilt. This practically is not a violent assumption on the part of a juror or any other citizen, and is one which is naturally indulged in by a person who presumes that the officers of the law do their duty. It does not necessarily go to the extent of an opinion that the officer has accumulated sufficient evidence to prove the defendant guilty, or to overcome the presumption of innocence. But it certainly ought not to disqualify a citizen to act as a juror, to believe that an information would not be filed unless there was some evidence to sustain it. And

such a belief in no way interferes with the impartial condition of mind with which he sought to approach the position of a juror under the law.   When it appears that the juror knows nothing of the circumstances of the case, and is in no way prejudiced for or against the defendant, nor against the crime which is the subject of the investigation, and has avowed his willingness to accept the law as given by the court, he may be safely left to the instructions of the court concerning the general principles of law applicable to the case.

It not appearing that the challenge was wrongfully denied by the court, and there being no other error assigned, the judgment is affirmed.

MOUNT, C. J., FULLERTON, and RUDKIN, JJ., concur.

ROOT, CROW, and HADLEY, JJ., dissent.