[No. 9624   Department One.   November 18, 1911.]

# THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM H. GARLAND, *Appellant*.[1]

INDICTMENT AND INFORMATION—AMENDMENT—LEAVE TO FILE—PRE-SUMPTION. Upon granting a new trial because of a variance between the allegations and proofs, a new information may be filed to cure the defects, and leave of court therefor will be presumed where the court considered the information as filed.

FALSE PRETENSES—INFORMATION—CERTAINTY. An information for larceny, which could be readily understood as charging the defendant with unlawfully obtaining a check for $1,000 from B. by means of false and fraudulent representations and that he received the money thereon with intent to deprive and defraud the owner thereof, is sufficiently definite and certain without stating further details, under Rem. & Bal. Code, § 2055, requiring it to contain a statement of the facts in ordinary language in such manner as to enable a person of common understanding to know what was intended.

FALSE PRETENSES—INFORMATION—DESCRIPTION OF CHECK. An information charging the obtaining of a check by false pretenses, sufficiently describes the check and ownership, where it alleges B. delivered to defendant a check for $1,000 and that defendant unlawfully received and obtained the money thereon.

CRIMINAL·LAW—TRIAL—PLEA OF GUILTY—TIME OF TRIAL—OBJECTIONS—WAIVER. Objections to evidence on the ground that a plea of guilty had not been entered or that the case had not been brought to trial within sixty days, are waived when not made at the time of entering upon the trial.

CRIMINAL LAW—EVIDENCE—BEST AND SECONDARY EVIDENCE. Upon a prosecution for larceny by false representations that a company was operating a line of steamships, which the law required to be registered, it is competent to establish the fact that it had no such steamships by oral evidence, since the records would not disclose it.

. LARCENY — ISSUES AND PROOF — VARIANCE — BILLS AND NOTES—CHECKS—CERTIFICATE OF DEPOSIT. A prosecution for larceny of a check is supported by proof of the larceny of an instrument which in its original form was a certificate of deposit, stated on its face as not subject to check, but providing that the money was payable on the order of the depositor, where it was indorsed by him to the

[1]Reported in 118 Pac. 907.

defendant, since it thereby became in legal effect a check, under Rem. & Bal. Code, § 3575 defining a check as a bill of exchange drawn on a bank payable on demand, and Id., § 3516, of similar effect.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. In the absence of exceptions to instructions, they will not be reviewed on appeal.

Appeal from a judgment of the superior court for King county, Gay, J., entered February 25, 1911, upon a trial and conviction of grand larceny. Affirmed.

*Willett & Oleson* and *John Manning*, for appellant.

*John F. Murphy, Hugh M. Caldwell,* and *Herbert B. Butler,* for respondent.

MOUNT, J.—The defendant was convicted of the crime of grand larceny. He appeals from a judgment pronounced upon the verdict of a jury.

It appears that this is the second trial of the case upon the same state of facts. The defendant was found guilty upon the first trial, but upon his motion, the court granted a new trial. The reason for granting this motion does not appear from the record, but appellant states that the motion "was granted because of fatal variance and other reasons." Thereafter the prosecuting attorney filed another information as follows, omitting the formal parts:

"The said William H. Garland, in the county of King, state of Washington, on the 10th day of January, A. D. 1910, with intent to defraud, did fraudulently, falsely, designedly, unlawfully, and feloniously pretend and represent to one Job L. Beardslee that a certain corporation known as the Apex Coal Company of the city of Seattle, in said state of Washington, then and there owned a coal mine at Coos Bay, in the state of Oregon; that said Apex Coal Company was then engaged in shipping coal into the city of Portland, in the state of Oregon, from Coos Bay, and was then operating a line of steamers between said Coos Bay and said city of Portland, and was then delivering daily to the yard of said corporation in said city of Portland several hundred tons of coal; that said corporation then owned one hundred thousand dollars worth of bonds in the Consolidated Coal

Company of St. Louis, which bonds had never at any time been of any value less than the sum of one hundred and three dollars for each; and that said corporation then had on deposit with the National Bank of Commerce at said city of Seattle, government bonds of the value of thirty-nine thousand dollars, upon which said corporation could at any time realize the sum of thirty thousand dollars. And said Job L. Beardslee, then and there believing the false pretenses and representations so made by said William H. Garland and relying thereon, and being then and there deceived thereby, was then and there induced by reason thereof, and not otherwise, to deliver, and did then and there deliver, to said William H. Garland a check payable for the sum of one thousand dollars in money, the check, money and property of said Job L. Beardslee, in payment of ten shares of the stock of said corporation. And said William H. Garland did then and there fraudulently, unlawfully and feloniously receive and obtain said money by means of said false and fraudulent pretenses and representations, with intent then and there to defraud."

After this second information was filed, the defendant filed a motion to quash the same, for the reason that it did not state facts sufficient to constitute a crime; and in case that this motion should be denied, then to strike out all the representations alleged to have been made; and in case that motion was denied, then to make the information more definite and certain. These motions were denied, and the defendant was placed upon trial. He objected to the introduction of any evidence, "on the ground that the state had no right to try the defendant on the information now before the court."

It is argued that these motions should have been sustained because the information was filed without an order dismissing the first one and without permission of the court, and also because the information does not charge an offense and is indefinite and uncertain. We shall briefly notice these questions. It does not appear that leave of the court was obtained to file the second information, or that the first one was quashed. The reason for filing the second information is

apparent.   The first alleged that Mr. Beardslee was induced by false and fraudulent representations to deliver to defendant "one thousand dollars ($1,000) in lawful money of the United States;" while the proof showed that Mr. Beardslee indorsed and delivered to defendant a certificate of deposit for $1,000.   On account of this variance and "for other reasons," the new trial was granted.   Thereupon this new information was filed, which differed from the first only in respect to the character of the property received.   The second information, instead of alleging $1,000 in lawful money of the United States, alleged "a check payable for the sum of $1,000 in money."   This court has repeatedly held that a new information may be filed in such cases.   In *State v. Riley*, 36 Wash. 441, 78 Pac. 1001, we said:

. "It is not error for a court to allow the information to be withdrawn, and another more perfect one be substituted in its stead.   *State v. Gile*, 8 Wash. 12, 35 Pac. 417; *State v. Hansen*, 10 Wash. 235, 38 Pac. 1023; *State v. Lyts*, 25 Wash. 347, 65 Pac. 530.   Nor was it error to do so after the court had first considered it and adjudged it sufficient."

In *State v. Phillips*, *ante* p. 324, 118 Pac. 43, we held that this was not jurisdictional, and was waived where the information was not moved against on that ground.   Although it does not appear that an order of court was made granting the permission to file a new information, we must assume that such permission was had, because the court treated the new information as filed and so considered it.

Appellant next argues that the information is fatally defective because it does not show for what purpose he made the representations, or that the stock of the Apex Coal Company was purchased on account of such representations.   He then asks twenty questions of the information, of which these are examples:

"(1)   Whom did Garland intend to defraud?   (2)   For what purpose were the representations made?   (3)   In what capacity were the representations made to it, as individual

or as an officer of the Apex Coal Company? (4) For whose benefit were the representations made?"

and so on; and then proceeds to argue that the information does not answer these questions. These or similar questions do not, we think, test the sufficiency of the information. The test is fixed by the statute as follows:

"The . . . information must contain,— . . . A statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Rem. & Bal. Code, § 2055.

There can be no doubt that, when the defendant read this information, he readily understood that he was charged with having unlawfully obtained a check for $1,000 from Mr. Beardslee by means of the false and fraudulent representations stated, and that he received the money thereon with intent to deprive and defraud the owner thereof. This was all that is necessary under the statute. We are satisfied that the information was sufficiently definite and certain as required by the code, and states an offense against the defendant. *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Ryan,* 34 Wash. 597, 76 Pac. 90.

It is argued that the information is bad because there is no sufficient description of the check and no value thereof alleged. The information alleges that Mr. Beardslee "did then and there deliver to said William H. Garland a check payable for the sum of $1,000 in money . . . and said William H. Garland did then and there unlawfully . . . receive and obtain said money." It is plain that the check here alleged was the check of Mr. Beardslee, and that it was of the value of $1,000, for it was alleged that the defendant obtained the money. This was sufficient.

Appellant next argues that the court erred in overruling the objection to the introduction of evidence. This argument is based upon the fact that a plea of not guilty had not been entered by the defendant on the second information

before the trial began, and also that the cause had not been brought to trial within sixty days after the information had been filed. There is no merit in either of these points, because the cause was tried and submitted to the jury upon the theory that a plea of not guilty had been entered, and no objections were made upon these grounds before trial. They were therefore waived. *State v. Straub*, 16 Wash. 111, 47 Pac. 227; *State v. Quinn*, 56 Wash. 295, 105 Pac. 818; *State v. Alexander, ante* p. 488, 118 Pac. 645.

It is next argued that the court erred in receiving oral evidence to the effect that the Apex Coal Company was not operating a line of steamers between Coos Bay and Portland, Oregon. This point is based upon the fact that the United States statutes required vessels engaged in domestic commerce to be registered, and it is argued that such records are the best evidence of the fact. It is apparent, however, that if the Apex Coal Company was not operating vessels, the records would not show that fact. Any one who might know the fact would be competent to testify thereto.

It is next argued that the court erred in receiving in evidence the state's exhibit A. This exhibit was offered to prove the check alleged in the information. It is as follows:

"Montesano State Bank, No. 16021.     $1,000.
          "Montesano, Wash., Oct. 7, 1909.
"J. L. Beardslee has deposited in this bank $1,000, payable to the order of self on the return of this certificate properly indorsed. .Not subject to check.     W. H. France, Cashier."

This instrument was indorsed upon back: "H. L. Beardslee. William H. Garland." These indorsements were followed by a stamped signature as follows:

"Pay Montesano State Bank, Montesano, Washington, or order (prior indorsements guaranteed). The National Bank of Commerce of Seattle, Washington."

Across the face of the check was the stamp of the Montesano State Bank, as follows: "Paid January 12, 1910;" and also the perforated word "Paid." It is argued that

this instrument is a certificate of deposit and not a check, and that it was therefore error for the court to receive it in evidence as proof of the check alleged. It is true that the instrument in its original form was a certificate of deposit, and is commonly known as such. It is stated upon the face of the check that the $1,000 so deposited was not subject to check, but it provided that the money would be paid upon the order of Beardslee upon the return of the certificate properly indorsed. It was indorsed by Beardslee and delivered to defendant. It thereby became payable to defendant, and was, in legal effect and for practical purposes, a check drawn by Beardslee upon the bank, payable to defendant. Our statute defines a check as "A bill of exchange drawn on a bank, payable on demand." Rem. & Bal. Code, § 3575. "A bill of exchange is an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer." Rem. & Bal. Code, § 3516. This certificate of deposit, when it was indorsed by Beardslee, answered all of these requirements, and became in law, and was in fact, Beardslee's check on the bank to pay to the bearer $1,000. In *State v. Hoshor*, 26 Wash. 643, 67 Pac. 386, where the defendant was accused of embezzling lawful money, we held that, where he obtained money upon a check drawn upon a bank, there was no variance. We said: "The check was simply the instrumentality by which Hoshor obtained the money from the bank." So in this case the mere form of the check was of no special importance. The important question was, Did the certificate of deposit, when indorsed by Beardslee, become his check, and did defendant obtain the money upon it? This latter fact was apparently not disputed.

Other alleged errors are argued in the appellant's brief, but we think none of them are of sufficient merit to require notice. Some point is attempted to be made upon certain

of the instructions given and refused by the court. No exceptions appear to have been taken, either to those given or to those refused. Under such circumstances the instructions will not be reviewed. It is sufficient to say that the instructions seem to be clear and free from error, and we are satisfied from the record that the defendant had a fair trial, and that he is without doubt guilty of the crime charged.

The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.

[Decided November 28, 1911.]

PER CURIAM.—In the opinion in this case we said no exceptions appear to have been taken to the instructions given or refused. Exceptions appear to have been regularly taken. They were contained in the transcript, but were overlooked by the writer of the opinion. A review of the instructions would not change the result. We make this correction in justice to appellant's counsel.